PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions (Civil) recommends several amendments to SJI 6.4, 6.5, 6.6, Wrongful Death Damages; SJI 6.9, Mortality Tables; and SJI 6.13a and 6.13b, Collateral Source Rule. According to the Committee, the proposed amendments to SJI 6.4, 6.5, 6.6 and 6.9 “are principally designed to tailor the charges more closely to the Wrongful Death Act, Sections 768.-16-27, Florida Statutes [1985], and to accommodate recent case law concerning that act.” The proposed amendments to SJI 6.13 are designed “to recognize different statutory roles of the judge and jury concerning consideration of collateral sources of recovery in various causes of action.” Proposed SJI 6.13a implements the provisions of Section 768.76, Florida Statutes (1986 Supp.). Proposed SJI 6.13b implements the provisions of Section 627.7372, Florida Statutes (1987), in actions arising out of ownership, operation, use or maintenance of a motor vehicle.
We approve for publication the proposed amendments which follow this opinion and caution that the comments reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
Add underlined language and delete language stricken through:
6.4
WRONGFUL DEATH DAMAGES RECOVERABLE FOR ESTATE WHEN THERE ARE NO SURVIVORS: ELEMENTS
c. Lost accumulations: The estate's loss of net accumulations: “Net accumulations” is the part of the decedent’s net income [from salary or business] after taxes, including pension benefits [but excluding income from investments continuing beyond death], which the decedent would have left *365 as part of his estate if he had lived his normal life expectancy.
Comment on 6.4c
fWholly Revised!
When it is shown that decedent had no survivors as defined in § 768.18(1), Fla. Stat., lost accumulations are recoverable only if decedent was age -25 or over. § 768.21(6)(a), Fla.Stat. (1985). The Committee expresses no opinion concerning whether “net accumulations” include income ending at death which is not derived from salary or business. See § 768.18(5), Fla.Stat. (1985).
6.5
WRONGFUL DEATH DAMAGES RECOVERABLE FOR ESTATE AND SURVIVORS: INTRODUCTION
Use paragraph a, b or c, as appropriate.
a. When directed verdict is given on liability (3.1d):
You should award the decedent’s personal representative an amount of money that the greater weight of the evidence shows will fairly and adequately compensate the decedent’s estate and the decedent’s survivors for their damages, including any such damages that the estate and the survivors are reasonably certain to incur or experience ir. the future.
In determining the damages recoverable on behalf of the decedent’s estate, you shall consider the following elements:
Enumerate appropriate elements (6.6a, b, c).
In determining any damages to be awarded the decedent’s personal representative for the benefit of [each of] the decedent’s survivor[s]* (name them all), you shall consider the following elements:
* Further instructions may be required if there is a factual question of whether a person is a “survivor” within the meaning of § 768.18(1). Fla.Stat.
Enumerate appropriate elements (6.6d, e).
In determining any damages to be awarded the decedent’s personal representative for the benefit of the decedent’s surviving [spouse] [children] [or] [parents], you shall consider certain additional elements of damage for which there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following elements:
Enumerate appropriate elements (6-6f, g, h).
b. When there is no issue of contributory negligence:
If you find for defendant, you will not consider the matter of damages. But, if you find for (personal representative as claimant), you should award the decedent’s personal representative an amount of money that the greater weight of the evidence shows will fairly and adequately compensate the decedent’s estate and the decedent’s survivors for their damages, including any such damages that the estate and the survivors are reasonably certain to incur or experience in the future.
In determining any damages recoverable on behalf of the decedent’s estate, you shall consider the following elements:
Enumerate appropriate elements (6.6a, b, c).
In determining any damages to be awarded the decedent’s personal representative for the benefit of [each of] the decedent’s survivor[s]* (name them all), you shall consider the following elements:
* Further instructions may be required if there is a factual question of whether a person is “survivor” within the meaning of § 768.18(1). Fla.Stat.
Enumerate appropriate elements (6.6d, e).
In determining any damages to be awarded the decedent’s personal representative for the benefit of the decedent’s surviving [spouse] [children] [or] [parents], you shall consider certain additional elements of damage for which there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following elements:
*366 Enumerate appropriate elements (6.6f, g, h).
c. When there is an issue of contributory negligence:
If your verdict is for (defendant), you will not consider the matter of damages. But if your verdict is for (personal representative as claimant), you should determine and write on the verdict form, in dollars, the total amount of [loss] [injury] [or] [damage] which the greater weight of the evidence shows the estate of the decedent and his survivors sustained as a result of his injury and death, including any such damages that the estate and the survivors are reasonably certain to incur or experience in the future.
In determining the total amount of any damages sustained by the decedent’s estate, you shall consider the following elements:
Enumerate appropriate elements (6.6a, b, c).
Give 6.9 (mortality tables), 6.10 (reduction to present value) and 6.13 (collateral source), if applicable.
In determining the total amount of any damages sustained by the decedent’s survivor^]* (name them all), you shall consider the following elements:
* Further instructions may be required if there is a factual question of whether a person is a “survivor” within the meaning of S 768.18(1), Fla.Stat.
Enumerate appropriate elements (6.6d, e).
If not already given, give 6.9 (mortality tables). 6.10 (reduction to present value) and 6.13 (collateral source), if applicable.
In determining the total amount of any damages sustained by the decedent’s surviving [spouse] [children] [or] [parents], you shall consider certain additional elements of damage for which there is no exact standard of measurement. Concerning the following elements your determination should be fair and just in the light of evidence:
Enumerate appropriate elements (6-6f, g, h).
If not already given, give 6.9 (mortality tables), 6.10 (reduction to present value) and 6.13 (collateral source), if applicable.
In determining the total amount of any damages sustained by the decedent's estate and his survivors as a result of his injury and death, you should not make any reduction because of the negligence, if any, of (decedent or survivor). The court will enter a judgment based on your verdict and, if you find that (decedent or survivor) was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find is chargeable to (decedent or survivor).
Note on use of 6.5
TWholly Revised]
Model Charge 2 illustrates the application of 6.5 and 6.6 on Wrongful Death damages.
6.6
WRONGFUL DEATH DAMAGES RECOVERABLE FOR ESTATE AND SURVIVORS: ELEMENTS
ELEMENTS FOR ESTATE
a. Lost earnings:
The estate’s loss of earnings of the decedent from the date of injury to the date of death, less any amount of monetary support you determine a survivor lost during that period.
b. Lost accumulations:
The estate’s loss of net accumulations: “Net accumulations” is the part of the decedent’s net income [from salary or business] after taxes, including pension benefits [but excluding income from investments continuing beyond death], which the decedent, after paying his personal expenses and monies for the support of his survivors, would have left as part of his estate if he had lived his normal life expectancy.
*367 Comment on 6.6b
TWholly revised!
The estate may recover lost accumulations when the sole survivor is a parent without a cause of action in his or her own right, as well as when survivors include a spouse or lineal descendant. § 768.21(6)(a), Fla.Stat. (1985); Vildibill v. Johnson, 492 So.2d 1047 (Fla.1986). The committee expresses no opinion concerning whether “net accumulations” include income ending at death which is not derived from salary or business. See § 768.18(5), Fla.Stat. (1985).
c. Medical or funeral expenses:
Medical or funeral expenses due to the decedent’s injury or death which [have become a charge against the decedent’s estate] [were paid by or on behalf of the decedent by one other than a survivor].
ELEMENTS FOR SURVIVORS
d. Lost support and services:
The survivor's loss, by reason of decedent’s injury and death, of the decedent’s support and services [including interest at (legal rate) on any amount awarded for such loss from the date of injury to the date of death]. In determining the duration of any future loss, you shall may consider the joint life expectancy of the surviv- or and the decedent [and the period of minority, ending at age 25, of a healthy minor child].
In evaluating past and future loss of support and services, you shall consider the survivor’s relationship to the decedent, the amount of the decedent’s probable net income available for distribution to the survivor and the replacement value of the decedent’s services to the survivor. [“Support” includes contributions in kind as well as sums of money. “Services” means tasks regularly performed by the decedent for a survivor that will be a necessary expense to the survivor because of the decedent’s death.]*
* The bracketed material should be given only when warranted by the evidence and requested by a party.
Notes on Use of 6.6d
TWholly revised]
1. Period of minority. The period of minority for purposes of the wrongful death act is age 25. § 768.18(2), Fla.Stat. The bracketed reference to the period of minority, in the first paragraph, should not be given if the minor survivor’s dependency will continue beyond that age because the child is not “healthy,” or if the decedent was a minor on whose support or services the claimant survivor would remain dependent beyond that time.
2. Support and services specially defined. The special definitions of these terms bracketed in the second paragraph should be given only when warranted by the evidence and requested by a party.
e. Medical and funeral expenses paid by survivor:
[Medical] [or] [funeral] expenses due to the decedent’s [injury] [or] [death] paid by any survivor.
ADDITIONAL ELEMENTS FOR SURVIVING SPOUSE, MINOR CHILD OR PARENTS OF MINOR CHILD
f. Damages of surviving spouse:
The [wife’s] [husband’s] loss of the decedent’s companionship and protection, and [her] [his] mental pain and suffering as a result of the decedent’s injury and death. In determining the duration of such losses, you shall may consider the [joint life expectancy of the decedent and the surviving spouse] [life expectancy of the surviving spouse] together with the other evidence in the case.
Note on Use of 6.6f
TWholly revisedl
The Committee revised this charge in 1987 to recognize that § 768.21(2), Fla. Stat., and case law do not make “joint life expectancy” the only measure for the duration of future loss by a surviving spouse. The revision is intended to allow a jury determination, if warranted by the evidence, that in the case at hand the surviving spouse’s loss will continue beyond the *368 “joint life expectancy” until the survivor’s death, or will end before that actuarial period has elapsed.
g. Damages of surviving minor child:
The loss by (name all minor children) of parental companionship, instruction and guidance, and [his] [her] [their] mental pain and suffering as a result of the decedent’s injury and death. In determining the duration of such losses, you shall may consider the [joint life expectancy of the decedent and [the surviving child] [each of the surviving children]] [life expectancy of fthe surviving child] Teach of the surviving chil-drenll together with the other evidence in the case.
Note on Use of 6.6g
TWholly revised]
As in the case of 6.6f, the Committee revised 6.6g in 1987 to recognize that “joint life expectancy” is not prescribed by § 768.21(3), Fla.Stat., as the only measure of a child’s future loss. The evidence may support a finding of a longer or a shorter duration.
h. Damages of surviving parent of minor child:
The mental pain and suffering of (name parents) as a result of the injury and death of (name minor child). In determining the duration of such mental pain and suffering, you shall may consider the life [expectancy] [expectancies] of the surviving parents] together with the other evidence in the case.
Note on Use of 6.6h
[Wholly revised]
As. in the case of 6.6f and 6.6g, the Committee revised 6.6h in 1987 to acknowledge that the duration of future losses compensable under § 768.21(4), Fla.Stat., may be longer or shorter than “joint life expectancy,” depending on the evidence.
6.9
MORTALITY TABLES
a.Claimant permanently injured:
If the greater weight of the evidence shows that (claimant) has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long (claimant) may be expected to live. Such tables are not binding on you but may be considered together with other evidence in the case bearing on (claimant’s) health, age and physical condition, before and after the injury, in determining the probable length of his life.
b. Personal representative claiming damages for benefit of decedent's estate (6,3, 6.4 or 6.5, 6.6):
In determining how long (decedent) would have lived, had he lived out his normal life, you may consider his life expectancy at the time of his death. The mortality tables received in evidence may be considered in determining how long he may have been expected to live. Such tables are not binding on you but may be considered together with other evidence in the case bearing on his health, age and physical condition, before his [injury and] death, in determining the probable length of his life.
c. Personal representative claiming damages for loss to survivor (6.5, 6.6):
In determining the duration of any future loss sustained by [a survivor] [ (name survivors) ] by reason of the death of (decedent), you shall may consider the joint life expectancy of [the] [each] survivor and the decedent. The joint life expectancy is that period of time when both the decedent and a survivor would have remained alive. The mortality tables received in evidence may be considered, together with the other evidence* in the case, in determining how long each may have been expected to live.
* Comment on 6.9c
Because 6.9c will almost invariably be preceded by 6.9b, it is unnecessary to make repeated elaboration in 6.9c of the “other evidence in the case.”
NOTE ON USE
The general form of the three suggested alternative charges on mortality tables is *369 adaptable to still other situations in which mortality tables are received in evidence.
Add underlined language and delete language stricken through:
6.13
COLLATERAL SOURCE RULE
a. Tort actions generally:
You should not reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [medical insurance payments] [or other benefits (specify) ] which the evidence shows (claimant) may have received from his [employer] [insurance company] [or some other source]. The court will reduce as necessary the amount of compensation to which (claimant) is entitled on account of any such payments.
b. Actions arising out of ownership, operation, use or maintenance of a motor vehicle:
In this case, you should reduce the amount of compensation to which (claimant) is otherwise entitled on account of Twagesl [disability benefits] [medical insurance benefits] for other benefits (specify) 1 which the evidence shows (claimant) received from his [employer] [insurance company] Tor some other source].
NOTES ON USE
1. If improper evidence of collateral benefits is inadvertently admitted or if, in the circumstances of the case, the payment of collateral benefits is inferred, 6.13a, the conventional collateral source charge, should be given immediately following mention in the charge of the particular element of damage to which the collateral source charge is properly applicable. See Paradis v. Thomas, 150 So.2d 457 (Fla.2d DCA 1963); Greyhound Corp. v. Ford, 157 So.2d 427 (Fla.2d DCA 1963). See § 768.76, Fla.Stat. (1986 Supp.), concerning particular collateral source deductions by the court.
2. 6.13b not 6.13a should be given in all cases involving actions for personal injury or wrongful death arising out of the ownership, operation, use or maintenance of a motor vehicle. 6.13b is derived from § 627.7372, Fla.Stat. (1987). The statute specifies which benefits are defined as collateral sources and which are specifically excluded from the definition. In all other cases, reduction for collateral source payments should be made by the court, not the jury, pursuant to § 768.76, Fla.Stat. (1986 Supp.), and 6.13a.