FASTRACK APPEAL
PER CURIAM.
We reverse the final judgment and remand the cause to the trial court. It is clear from the record that the jury was specifically advised during the course of the trial that the plaintiff had PIP insurance to cover her medical expenses and that the defendant was entitled to have credit for the amount of the PIP benefits. However, the jury was not properly instructed, by the trial court, that they should not reduce the amount of compensation to which the plaintiff was otherwise entitled on account of insurance payments. Furthermore, the jury was not instructed that the trial court would reduce as necessary the amount of the compensation to which the plaintiff is entitled on account of any such payments. See Standard Jury Instruction 6.13 as amended and adopted in In re Standard Jury Instructions Civil Cases, 522 So.2d 364 (Fla.1988). The trial court’s failure to instruct the jury accordingly was error. Goodman v. Roma Construction Company, Inc., 537 So.2d 597 (Fla. 3d DCA 1988). We conclude from the record that the jury did allow the appellee credit for the collateral sources so that the trial judge’s post-trial reduction was improper.
Accordingly, we reverse and remand to the trial court to enter a final judgment in favor of the plaintiff for $20,400.
REVERSE AND REMAND.
LETTS and GUNTHER, JJ., concur.
WARNER, J., concurs specially without opinion.