863 So.2d 287 (2003)
BELLSOUTH TELECOMMUNICATIONS, INC., Petitioner,
v.
Linda MEEKS, etc., Respondent.
No. SC02-1033.
Supreme Court of Florida.
October 16, 2003.
John R. Hargrove of Heinrich, Gordon, Hargrove, Weihe & James, P.A., Fort Lauderdale, FL, for Petitioner.
Robert P. Avolio and Tracy L. Markham of Avolio & Hanlon, P.C., St. Augustine, FL, for Respondent.
BELL, J.
We have for review Meeks v. Florida Power & Light Co., 816 So.2d 1125 (Fla. *288 5th DCA 2002), in which the Fifth District Court of Appeal certified the following question as one of great public importance:
ARE THE DAMAGES RECOVERABLE BY A MINOR CHILD PURSUANT TO SECTION 768.21(3), FLORIDA STATUTES, LIMITED TO THE PERIOD OF MINORITY?
Id. at 1133. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution. For the reasons stated below, we answer the certified question in the negative. We approve the district court's decision that the damages recoverable by a minor child under section 768.21(3), Florida Statutes (2002), should be calculated based on the joint life expectancies of the minor child and the deceased parent.

BACKGROUND
The claim in this case arises from the wrongful death of Herbert Meeks, and relates to the damages recoverable by his son, Kevin Meeks. Kevin was twenty-four at the time of his father's death, a minor under the statute. Herbert Meeks was electrocuted by downed Florida Power & Light (FP & L) electric wires suspended from a fallen pole allegedly owned by Bell-South. At the time of his death, Meeks was driving on a rural road. The pole had rotted at its base and fallen across the road. Meeks got out of his truck, approached the pole, and was killed.
The parties dispute whether BellSouth or FP & L was responsible for maintaining and inspecting the pole. BellSouth's predecessor installed the pole in 1952. In 1997, when the accident occurred, the pole was tagged with a metal BellSouth tag and was identified on BellSouth plats as a Bell-South pole. However, before the 1997 accident, BellSouth had removed its wires from the pole and from all the other poles in that pole line. At the time of the accident that killed Meeks, only FP & L had wires running on the pole line that included the fallen pole.
FP & L's use of BellSouth's poles was governed by their Joint Use Agreement (JUA), a contract covering the joint use of poles. Under the JUA, each company had the right to use the other's poles. The owner of a joint-use pole was responsible for maintaining the pole in a safe condition, and could charge the joint user a licensing fee. The JUA provided a formal procedure for a pole owner to abandon a pole, including a requisite thirty-day notice to the joint user. Under this procedure, a pole abandoned by its owner would become the property of the joint user, who would then be solely responsible for the pole's condition.
With respect to the pole involved in Meeks' death, when BellSouth removed its wires from the pole, BellSouth did not give formal written notice to FP & L of the abandonment, as the JUA required. However, the JUA expressly provided that the parties could modify its terms through their course of conduct, i.e., the parties could adopt working practices that were different from the express contractual terms. Neither party followed the formal abandonment procedures the JUA prescribed. Nonetheless, despite BellSouth's claim that it informally abandoned the pole to FP & L, FP & L denies having assumed ownership or responsibility. BellSouth continued to collect a licensing fee from FP & L for the pole, up to the time of the accident that killed Meeks.
Meeks was survived by his wife and by two children, a twenty-eight-year-old daughter and a twenty-four-year-old son. Where a decedent has a surviving spouse, Florida's wrongful death statute permits a minor child, but not an adult child, to recover damages for loss of parental companionship and for mental pain and suffering. *289 § 768.21(3), Fla. Stat. (2002). The statute defines a minor as a person under twenty-five years of age. Id. § 768.18(2). Meeks' survivors filed suit against both FP & L and BellSouth. FP & L settled for $1,300,000. The trial court dismissed the claim of Meeks' daughter for section 768.21(3) damages,[1] because an adult child may not recover these damages under the statute. She does not dispute the dismissal.
BellSouth filed a motion for summary judgment, arguing the two issues it continues to argue on review in this Court. First, BellSouth argued that FP & L was solely responsible for maintaining and inspecting the pole, so that BellSouth owed no duty of care to Meeks. Second, Bell-South argued that any damages awarded under section 768.21(3) to Kevin Meeks should be calculated only for the time until Kevin reached twenty-five, the statutory age of majority.
The trial court granted summary judgment to BellSouth on both grounds. The Fifth District Court of Appeal reversed. The district court first concluded that material fact questions existed regarding whether BellSouth had effectively abandoned the utility pole to FP & L and that, therefore, the trial court had erred in granting summary judgment relieving BellSouth of its duty to maintain the pole in a safe condition. See Meeks v. Florida Power & Light Co., 816 So.2d 1125, 1129-30 (Fla. 5th DCA 2002). Next, the district court held that a minor child's damages for lost parental companionship and for mental pain and suffering based on a parent's death were not limited to the period of minority, but should be calculated based on the joint life expectancies of the minor child and the deceased parent. Id. at 1133. The district court certified the question of the correct measure of damages under section 768.21(3) as a question of great public importance.

DISCUSSION

1. Standard of Review
Statutory interpretation is a question of law subject to de novo review. State v. Glatzmayer, 789 So.2d 297, 301 n. 7 (Fla. 2001). Our purpose in construing a statute is to give effect to the Legislature's intent. State v. J.M., 824 So.2d 105, 109 (Fla.2002). In attempting to discern legislative intent, we first look to the actual language used in the statute. Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000). If the statutory language is unclear, we apply rules of statutory construction and explore legislative history to determine legislative intent. Id.; Weber v. Dobbins, 616 So.2d 956, 958 (Fla.1993).

2. Controlling Statute
Section 768.21, Florida Statutes (2002), describes the damages recoverable in a wrongful death action, including the following:
(1) Each survivor may recover the value of lost support and services from the date of the decedent's injury to her or his death, with interest, and future loss of support and services from the date of death and reduced to present value.... In computing the duration of future losses, the joint life expectancies of the survivor and the decedent and the period of minority, in the case of healthy minor children, may be considered.

*290 (2) The surviving spouse may also recover for loss of the decedent's companionship and protection and for mental pain and suffering from the date of injury.
(3) Minor children of the decedent, and all children of the decedent if there is no surviving spouse, may also recover for lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury....
(4) Each parent of a deceased minor child may also recover for mental pain and suffering from the date of injury.
§ 768.21, Fla. Stat. (2002).
The dispute in this case centers on the measure of damages recoverable by a minor child under section 768.21(3). Section 768.21(3) provides no express guidance regarding the length of time for which a minor child may recover damages. Bell-South argues that the statute should be interpreted to limit a minor child's recovery to the child's period of minority. Bell-South points out that, where a decedent leaves a surviving spouse, only minor children can recover under subsection (3). Therefore, if there is a surviving spouse, BellSouth argues that a child's recovery must be cut off when the child is no longer a minor. We agree with the district court that this is not a proper interpretation of the measure of damages to be awarded a minor child under section 768.21(3).
Contrary to BellSouth's interpretation, Meeks argues that section 768.21(3) does not limit a minor child's damages to the period of minority. Instead, Meeks points out that the statute gives a starting date "from the date of injury" for measuring damages, but provides no ending date for the calculation. Meeks argues that the statute should be interpreted to vest recovery rights in a child who is a minor on the date of injury, and to allow recovery through the child's life. The district court found Meeks' argument persuasive, and we agree.

3. Liberal Construction
As the district court accurately observed, our analysis is guided by the Legislature's general intent that the remedial provisions of the wrongful death statute should be liberally, rather than strictly or narrowly, construed. While the general rule is that statutes in derogation of the common law are strictly construed, the general rule of strict construction does not, in Florida, apply to a remedial statute in derogation of the common law. With respect to the wrongful death statute, the Florida Legislature has stated:
It is the public policy of the state to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer. Sections 768.16-768.26 are remedial and shall be liberally construed.

§ 768.17, Fla. Stat. (2002) (emphasis added). With this rule of liberal construction in mind, we examine the specific provisions of section 768.21(3).

4. Parallel Provisions
To ascertain the meaning of a specific statutory section, the section should be read in the context of its surrounding sections. See Rollins v. Pizzarelli, 761 So.2d 294, 298 (Fla.2000) (stating that "statutes must be read together to ascertain their meaning"); Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992) (stating that, "[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another"). Section 768.21 contains four parallel provisions awarding wrongful death damages to survivors. To determine the appropriate measure of damages under section 768.21(3), we look to the *291 three surrounding subsections. We conclude that harmony among all of these provisions is achieved by permitting a minor child to recover damages under subsection (3) based on the joint life expectancies of the child and deceased parent.

a. Section 768.21(1)
A generally accepted canon of construction provides that when the legislature includes a provision in one section of a statute but excludes it in another, courts will deem the difference intentional and will assign meaning to the omission. INS v. Cardoza-Fonseca, 480 U.S. 421, 432, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). In Florida's wrongful death statute, the Legislature provided in section 768.21(1) for a discretionary limitation of a minor's damages in light of the period of minority, but excluded this discretionary limitation from section 768.21(3). Section 768.21(1) gives minor children damages for lost parental support and services.[2] Subsection (1) provides that a minor child's recovery may be limited to the period of minority, in the factfinder's discretion. See id. (stating that the period of minority is a factor that "may be considered" in computing the duration of future losses). Section 768.21(3) gives minor children damages for lost parental companionship and for mental pain and suffering. In contrast to subsection (1), subsection (3) contains no limitation of damages in light of the period of minority. If the Legislature had intended a minor's damages under section 768.21(3) to be limited to the period of minority, this limitation could have been expressly added to subsection (3), either as an absolute limitation or as a discretionary factor as provided in subsection (1). Instead, the Legislature excluded the limitation from subsection (3). This indicates that the Legislature did not intend a minor child's damages under section 768.21(3) to be limited to the period of minority.

b. Section 768.21(2)
A second parallel provision to section 768.21(3) is section 768.21(2), which grants a surviving spouse damages for the loss of the decedent's companionship and for the surviving spouse's pain and suffering. § 768.21(2), Fla. Stat. (2002). As noted by the district court below, the measure of damages under this section is not limited to any time period. When the damages provisions of section 768.21 were first enacted in 1972, subsection (3) precisely mirrored subsection (2), giving minor children the same damages as a surviving spouse. In 1990, the Legislature amended subsection (3) to add damages for adult children. However, the amendment limited an adult child's damages under subsection (3) only to cases where there is no surviving spouse. BellSouth argues that this amendment should also apply to limit a minor child's damages if there is a surviving spouse. We disagree. We find nothing in the language of section 768.21(3) or in the legislative history of the 1990 amendment to indicate that the Legislature intended the existence of a surviving spouse to affect the preexisting recovery rights of minor children.

c. Section 768.21 (4)
Section 768.21(4), the final parallel provision to section 768.21(3), gives damages to parents for their pain and suffering based on the death of a minor child. Like the district court below, we are persuaded by the reasoning of the Second District Court of Appeal in calculating the appropriate measure of damages for bereaved *292 parents under section 768.21(4). See Gross Builders, Inc. v. Powell, 441 So.2d 1142 (Fla. 2d DCA 1983). Gross Builders held that parents' damages should not be measured based on the remaining minority years of the child, but should be calculated based on the life expectancies of the parents. Id. at 1143-44. The court reached this conclusion because the evidence in Gross Builders indicated the parents' pain and suffering could be lifelong. Id. at 1144. Similarly, in this case Kevin Meeks' pain and suffering could be lifelong. Thus, under Gross Builders' rationale, Kevin's damages should be calculated based on his life expectancy. However, because it would be expected that a child would lose his or her parents due to natural causes during the child's lifetime, a child's pain and suffering damages related to a parent's premature death should be limited by the parent's normal life expectancy. This is, in fact, the measure of damages indicated by the district court below.
In summary, our review of the four parallel subsections granting wrongful death damages to survivors indicates that a minor child's recovery under section 768.21(3) should be measured by the joint life expectancy of the child and the deceased parent. Of particular significance, a comparison of subsection (3) to subsection (1) reveals the significant omission from subsection (3) of any limitation on a minor child's damages with respect to the period of minority. As the Legislature included a discretionary limitation by the period of minority in subsection (1), the omission of the limitation from subsection (3) indicates an intent that subsection (3) damages should not be limited by the period of minority. Further, this interpretation of subsection (3) preserves the symmetry presumptively intended by the legislature among subsections (2), (3), and (4)the three subsections awarding damages to survivors for lost companionship and for pain and suffering.

5. Standard Jury Instruction
Finally, we note that the interpretation we affirm today comports with the accepted judicial construction of damages under section 768.21(3), as reflected by the standard jury instructions published by this Court. Standard jury instructions are not binding precedent; however, the instructions are published under this Court's authority and are presumed to be correct. Freeman v. State, 761 So.2d 1055, 1071 (Fla.2000). The standard jury instruction for section 768.21(3) indicates that damages are to be based on the life expectancies of the minor child and deceased parent. In re Standard Jury Instructions Civil Cases, 522 So.2d 364, 368 (Fla.1988) (instruction 6.6g).[3] We find no case that has directly addressed the appropriate measure of damages under this section. In the absence of a definitive case, instruction 6.6g provides a useful indication of the prevailing judicial understanding regarding a surviving minor child's damages in a wrongful death action. In the present case, we find no persuasive reason to depart from this understanding of the Legislature's intended measure of damages under section 768.21(3).
*293 We therefore hold that the damages recoverable by a minor child under section 768.21(3) are not limited to the period of minority, but should be calculated based on the joint life expectancies of the minor child and the deceased parent.
We decline to address BellSouth's collateral argument that BellSouth had transferred its responsibility for the utility pole to Florida Power & Light before Herbert Meeks' accident in 1997, because this issue is outside the scope of the certified question. See Major League Baseball v. Morsani, 790 So.2d 1071, 1080 n. 26 (Fla.2001) (stating that this Court generally declines to address a claim that is outside the scope of the certified question and that has not passed jurisdictional muster).

CONCLUSION
For the reasons stated above, we answer the certified question in the negative and approve the decision of the Fifth District Court of Appeal.
It is so ordered.
WELLS, PARIENTE, LEWIS and QUINCE, JJ., concur.
ANSTEAD, C.J., concurs specially with an opinion.
CANTERO, J., recused.
ANSTEAD, C.J., specially concurring.
While I concur in the majority's determination that a minor child's recovery of section 768.21(3) damages are not limited to the period of minority, I write briefly only to note that neither the statutory language nor the legislative history adequately answers all of the troubling questions raised by this case. Nevertheless, I particularly commend the thoroughness of Judge Sawaya's opinion for the Fifth District which we approve today. When all is said and done, however, we are still left with a result that allows one adult child to recover for lifetime pain and suffering for the loss of a parent, while another adult child only a few years older is entitled to no recovery at all.
NOTES
[1] Section 768.21(3) gives damages for lost parental companionship and mental pain and suffering based on the wrongful death of a parent. A parallel provision, section 768.21(1), gives damages for lost support and services due to a parent's death. Dependent adult children may recover these damages. Section 768.21(1) damages are not at issue in this appeal.
[2] Section 768.21(1) gives these damages to "survivors." Survivors include minor children. § 768.18(1), Fla. Stat. (2002).
[3] The standard instruction to be given to the jury in a wrongful death case regarding a surviving minor child's damages is:

The loss by (name all minor children) of parental companionship, instruction and guidance, and [his] [her] [their] mental pain and suffering as a result of the decedent's injury and death. In determining the duration of such losses, you may consider the [joint life expectancy of the decedent and [the surviving child] [each of the surviving children]] [life expectancy of [the surviving child] [each of the surviving children]] together with the other evidence in the case.
In re Standard Jury Instructions Civil Cases, 522 So.2d 364, 368 (Fla.1988).