965 So.2d 262 (2007)
CGH HOSPITAL, LTD. d/b/a Coral Gables Hospital, Tenet Healthsystem Hospitals, Inc. d/b/a Delray Medical Center, FMC Hospital, Ltd. d/b/a Florida Medical Center, Tenet Good Samaritan, Inc. d/b/a Good Samaritan Medical Center, Tenet Hialeah Healthsystem Hospitals, Inc. d/b/a Hialeah Hospital, Tenet Healthsystem Hospitals, Inc. d/b/a Hollywood Medical Center, Amisub (North Ridge Hospital), Inc. d/b/a North Ridge Medical Center, Tenet Healthsystem North Shore, Inc. d/b/a North Shore Medical Center, Palm Beach Gardens Community Hospital, Inc. d/b/a Palm Beach Gardens Medical Center, Lifemark Hospitals of Florida, Inc. d/b/a Palmetto General Hospital, North Miami Medical Center, Ltd. d/b/a Parkway Regional Medical Center, Pinecrest Rehabilitation Hospital, Inc. d/b/a Pinecrest Rehabilitation Hospital, Tenet St. Mary's, Inc. d/b/a St. Mary's Medical Center, and Tenet Healthsystem Hospitals, Inc. d/b/a West Boca Medical Center; St. Vincent's Medical Center; and Sacred Heart Hospital of Pensacola, Appellants,
v.
STATE of Florida, AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
Lakeland Regional Medical Center, Inc., d/b/a Lakeland Regional Medical Center, Baptist Hospital, Inc., and Mercy Hospital, Inc., Appellants,
v.
State of Florida, Agency for Healthcare Administration, Appellee.
Plantation General Hospital Limited Partnership, d/b/a Plantation General Hospital, Shands at Lakeshore, Inc., Memorial Healthcare Group, Inc., d/b/a Memorial Hospital Jacksonville, New Port Richey Hospital, Inc., North Florida Regional Medical Center, Inc., Galencare, Inc., d/b/a Northside Hospital, HCA Health Services of Florida, Inc., d/b/a Oak Hill Hospital, Northwest Medical Center, Inc., Edward White Hospital, Inc., Sarasota Doctors Hospital, Inc., d/b/a Doctors Hospital of Sarasota, Doctors Osteopathic Medical Center, Inc., d/b/a Gulf Coast Hospital, Cedars Healthcare Group, Ltd., d/b/a Cedars Medical Center, Sun City Hospital, Inc., d/b/a South Bay Hospital, *263 Southwest Florida Regional Medical Center, Inc., Okaloosa Hospital, Inc., d/b/a Twin Cities Hospital, University Hospital, Ltd., d/b/a University Hospital and Medical Center, West Florida Regional Medical Center, Inc., Columbia Hospital Corporation of South Broward d/b/a Westside Regional Medical Center, Orange Park Medical Center, Inc., Marion Community Hospital, Inc., d/b/a Ocala Regional Medical Center, Lawnwood Medical Center, Inc., d/b/a Lawnwood Regional Medical Center, Largo Medical Center, Inc., Columbia Hospital (Palm Beaches) Limited Partnership d/b/a Columbia Hospital, Natami Hospital of Florida, Inc., d/b/a Lake City Medical Center, Kendall Healthcare Group, Ltd., d/b/a Kendall Medical Center, Columbia/JFK Medical Center Limited Partnership d/b/a JFK Medical Center, Miami Beach Healthcare Group, Ltd., d/b/a Aventura Hospital and Medical Center, Bay Hospital, Inc., d/b/a Gulf Coast Medical Center, Englewood Community Hospital, Inc., Fawcett Memorial Hospital, Inc., Fort Walton Beach Medical Center, Inc., HCA Health Services of Florida, Inc., d/b/a Blake Medical Center, HCA Health Services of Florida, Inc., d/b/a Regional Medical Center Bayonet Point, Tallahassee Medical Center, Inc., d/b/a Capital Regional Medical Center f/k/a Tallahassee Community Hospital, Galencare, Inc., d/b/a Brandon Regional Hospital, Central Florida Regional Hospital, Inc., Galen of Florida, Inc., d/b/a Saint Petersburg General Hospital, Shands Teaching Hospital and Clinics, Inc., d/b/a Shands at Live Oak, Shands Teaching Hospital and Clinics, Inc., d/b/a Shands at Starke, Shands Teaching Hospital and Clinics, Inc., d/b/a Shands Hospital at the University of Florida, Osceola Regional Hospital, Inc., d/b/a Osceola Regional Medical Center, Columbia Palms West Hospital Limited Partnership d/b/a Palms West Hospital, Okeechobee Hospital, Inc., d/b/a Raulerson Hospital, HCA Health Services of Florida, Inc., d/b/a Saint Lucie Medical Center, Putnam Community Medical Center, LLC., Wuesthoff Memorial Hospital, Holmes Regional Medical Center, Inc., Cape Canaveral Hospital, Inc., Morton Plant Hospital Association, Inc., d/b/a Morton Plant North Bay Hospital, Morton F. Plant Hospital Association, Inc., d/b/a Morton Plant Hospital, South Florida Baptist Hospital, Inc., Saint Joseph's Hospital, Inc., Saint Anthony's Hospital, Inc., Trustees of Mease Hospital, Inc., d/b/a Mease HospitalDunedin, Halifax Hospital Medical Center d/b/a Halifax Medical Center, Bethesda Memorial Hospital, South Broward Hospital District d/b/a Memorial Regional Hospital, South Broward Hospital District d/b/a Memorial Hospital Pembroke, South Broward Hospital District d/b/a Memorial Hospital West, Adventist Health System, Inc., d/b/a Florida Hospital, Pasco HMA, Inc., d/b/a Pasco Regional Medical Center, Bayfront Medical Center, Inc., Bay Medical Center, Orlando Regional Healthcare System, Inc., d/b/a Orlando Regional *264 Medical Center, Holy Cross Hospital, Inc., Winter Haven Hospital, Inc., North Brevard County Hospital District, d/b/a Parrish Medical Center, and Leesburg Regional Medical Center, Inc., Appellants,
v.
State of Florida, Agency for Health Care Administration, Appellee.
Mount Sinai Medical Center of Florida, Inc., d/b/a Mount Sinai Medical Center and Citrus HMA, Inc., d/b/a Seven Rivers Regional Medical Center f/k/a Seven Rivers Community Hospital, Appellants,
v.
State of Florida, Agency for Healthcare Administration, Appellee.
Nos. 1D06-3857, 1D06-3872, 1D06-3877, 1D06-3890.
District Court of Appeal of Florida, First District.
September 14, 2007.
Steven T. Mindlin and Diane D. Tremor of Rose, Sundstrom & Bentley, L.L.P., Tallahassee; Michael J. Glazer, C. Gary Williams, and John R. Beranek of Ausley & McMullen, Tallahassee; Jonathan L. Rue of Parker, Hudson, Rainer & Dobbs, Atlanta, GA; and Robert A. Weiss and Karen A. Putnal of Parker, Hudson, Rainer & Dobbs, Tallahassee, for Appellants.
Garnett W. Chisenhall, Chief Appellate Counsel, and Grant P. Dearborn and Tracy Lee Cooper, Assistant General Counsels, Tallahassee, for Appellee.
*265 PER CURIAM.
The appellants challenge the Agency for Health Care Administration's (AHCA's) final order and its interpretation of section 395.701(2), Florida Statutes (2000), and the provisions of chapter 2000-256, Laws of Florida. The appellants argue that section 395.701(2), as amended, is ambiguous and the administrative law judge (ALJ) erred in his interpretation. We agree and reverse.

Background
The Public Medical Assistance Act was created by the Florida Legislature in 1984 and included section 395.701, Florida Statutes. Section 395.701 imposed upon each hospital in Florida an assessment equal to one-and-a-half percent of the hospital's net operating revenue. All assessments paid pursuant to section 395.701 are deposited into the Public Medical Assistance Trust Fund (PMATF). During the 2000 legislative session, the assessment rate on public hospitals was amended to one-and-a-half percent of the annual net operating revenue for inpatient services and one percent of the annual net operating revenue for outpatient services. Ch. 2000-256, § 16, Laws of Fla. In order to avoid losing federal matching Medicaid funds, the legislature appropriated $28.3 million to the PMATF for the 2000-2001 state fiscal year. Ch.2000-256, § 21, Laws of Fla. This annual appropriation continues to be funded by the General Revenue Fund or AHCA's Tobacco Settlement Trust Fund. § 395.7016, Fla. Stat. (2000).
The appellants in the instant case consist of approximately 90 hospitals throughout Florida. On various dates beginning in September 2002, the appellants filed requests with AHCA seeking refunds of overpaid PMATF assessments. The requests were denied by AHCA and the appellants requested formal administrative hearings. The cases were consolidated and the hearing was conducted in three phases. The first phase consisted of a hearing to resolve the correct legal interpretation of section 395.701(2). The second phase was the entry of a preliminary ruling setting forth the ALJ's ruling on the legal interpretation. The third phase consisted, to the extent necessary, of hearing any outstanding factual issues that needed to be resolved.
The appellants' proposed methodology (the invoice methodology) sought to apply the assessment reductions to each assessment paid after the effective date of chapter 2000-256.[1] Typically, the hospitals submitted their financial reports to AHCA within four to six months after the end of their fiscal year. AHCA would then certify the reports and send an invoice to the hospitals with their assessments. The testimony and evidence presented at the hearing showed that quarterly assessments were usually not paid until at least six months after the end of the hospitals' fiscal year. In support of their position, the appellants presented evidence showing that AHCA had historically not required assessment payments after a hospital closed. Furthermore, AHCA required new hospitals to pay assessments before any revenue was ever earned. See Fla. Admin. Code Ann. R. 10N-5.605(5) (2000).
At the conclusion of the first phase, the ALJ issued his recommended order and adopted another methodology (the imposition methodology), which applied the assessment reduction to all revenue earned in fiscal years ending after July 1, 2000, the effective date of chapter 2000-256. The ALJ found that the language of section *266 395.701(2) was clear and unambiguous and extrinsic facts were unnecessary to discern legislative intent. The ALJ concluded that the invoice methodology was not applicable because the statute states that the assessments are imposed once the hospital "experiences" a net operating revenue. The appellee adopted the imposition methodology in its final order. This timely appeal followed.

Statutory Interpretation
A fundamental principle of statutory construction is that clear and unambiguous statutes require no judicial interpretation. Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 454 (Fla.1992). Even when the court is convinced that the legislature really meant and intended something not disclosed in the act, the court should not depart from the plain meaning of the statute that is unambiguous. Id. (quoting Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, 694-95 (1918)).
Section 395.701(2), Florida Statutes, provides as follows:
(2)(a) There is imposed upon each hospital an assessment in an amount equal to 1.5 percent of the annual net operating revenue for inpatient services for each hospital, such revenue to be determined by the agency, based on the actual experience of the hospital as reported to the agency. Within 6 months after the end of each hospital fiscal year, the agency shall certify the amount of the assessment for each hospital. The assessment shall be payable to and collected by the agency in equal quarterly amounts, on or before the first day of each calendar quarter, beginning with the first full calendar quarter that occurs after the agency certifies the amount of the assessment for each hospital. All moneys collected pursuant to this subsection shall be deposited into the Public Medical Assessment Trust Fund.
(b) There is imposed upon each hospital an assessment in an amount equal to 1 percent of the annual net operating revenue for outpatient services for each hospital, such revenue to be determined by the agency, based on the actual experience of the hospital as reported to the agency. Within 6 months after the end of each hospital fiscal year, the agency shall certify the amount of the assessment for each hospital. The assessment shall be payable to and collected by the agency in equal quarterly amounts, on or before the first day of each calendar quarter, beginning with the first full calendar quarter that occurs after the agency certifies the amount of the assessment for each hospital. All moneys collected pursuant to this subsection shall be deposited into the Public Medical Assessment Trust Fund.
§ 395.701(2), Fla. Stat. (2000). This statute provides several purposes. First, the statute delineates the lowered assessments based upon the revisions in chapter 2000-256. Second, the statute requires AHCA to certify the amount of assessment owed within six months after the end of the hospital's fiscal year. Third, the statute provides that the assessments are payable beginning the first full calendar quarter following the certification date. However, the statute does not address the date on which the assessment is calculated. Therefore, the ALJ erred in concluding that the statute was clear and unambiguous.
It is proper to resort to rules of statutory construction to discern legislative intent when the statutory language is ambiguous. See Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000) (citing Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). The statute is ambiguous if reasonable persons could find different meaning in the same language. Dep't of Rev. v. Lockheed Martin Corp., 905 So.2d 1017, 1020 (Fla. 1st DCA 2005) (citing State v. Huggins, 802 *267 So.2d 276, 277 (Fla.2001)). The court may consider administrative construction, legislative history, and other extraneous materials when a statute's construction results in a doubtful meaning. Lockheed Martin Corp., 905 So.2d at 1020 (citing Donato v. Am. Tel. & Tel. Co., 767 So.2d 1146, 1152 (Fla.2000)). The statute may be read as whole and properly construed once legislative intent is determined. Joshua, 768 So.2d at 435.

Conclusion
The extrinsic facts presented in this case indicate that the legislature intended for the assessment reductions to have an immediate effect upon the hospital industry. Section 395.7016 mandates that the assessment reductions chapter 2000-256 be budget neutral in order to ensure that the State continues to receive matching Medicaid funds. § 395.7016, Fla. Stat. (2000). In addition, the ALJ found that the $28.3 million appropriation would result in budget neutrality. Finally, AHCA's past practices included requiring hospitals to pay PMATF assessments prior to generating any revenue and not requiring hospitals to make quarterly assessments beyond the date that they ceased. Therefore, the appellants' invoice methodology is the only interpretation that embodies the legislative intent when the statute was amended. The assessment reductions take place immediately following the effective date of chapter 2000-256 and are computed based upon the date the assessments become due rather than when the revenue was earned. Accordingly, we REVERSE and REMAND to AHCA to enter a final order adopting the invoice methodology.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.
NOTES
[1] The appellee proposed a third methodology but its position was abandoned after the recommended order was issued.