# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D21-1539

_____

MARLO SHERIEE KNAPP,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

September 14, 2022

PER CURIAM.

This is Appellant's direct appeal from her judgment and sentence for three counts of possession of a controlled substance (fentanyl, alprazolam, and methamphetamine), and one count of possession of drug paraphernalia. She pleaded no contest, reserving the right to appeal the denial of her dispositive motion to suppress the evidence obtained from her vehicle after a traffic stop. Her motion to suppress argued that the traffic stop—which law enforcement initiated because the rear window of Appellant's small four-door sedan was blocked with shoes, pillows, and blankets—was unlawful under section 316.2004(2)(b) of the Florida Statutes. This section provides as follows:

> No person shall drive any motor vehicle with any sign, poster, or other nontransparent material upon the front windshield, side wings, or side or rear windows of such vehicle which materially obstructs, obscures, or impairs the driver's clear view of the highway or any intersecting highway.

§ 316.2004(2)(b), Fla. Stat. (2021). We have carefully considered all of Appellant's arguments. On the facts presented, we hold that the trial court correctly denied the motion to suppress. We affirm Appellant's judgment and sentence.

## I. Facts and Arguments.

Law enforcement started following Appellant because she was leaving a known narcotics-dealing location. A canine search was requested two minutes into the traffic stop, and that search yielded the drugs and paraphernalia.

The Sheriff's deputy testified that he stopped Appellant because the rear window of her car was materially obstructed. The entire lower half of the rear window was blocked by items including a row of several pairs of shoes, with the middle particularly blocked with a mound of pillows or blankets up to within a short distance from the car's roof. The deputy testified that he believed driving with a materially obstructed rear window constituted a traffic infraction in Florida.

Appellant testified that she could see clearly through the rear window despite the items blocking it. Her counsel asserted that dash-cam video, which was admitted into evidence and which the trial court viewed (as have we), showed that the rear-view mirror was visible through the back window, and therefore the obstruction did not rise to the level of materiality that the statute would prohibit. Appellant's primary legal argument on this issue was, and remains, that section 316.2004(2)(b) should be interpreted to prohibit only blocking rear windows with items like those listed in the statute—signs, posters, and other nontransparent materials—and that such materials would have to be "upon" the window and blocking virtually all rearward visibility, to violate the statute. So viewing the statute, Appellant

2

argued that the Sheriff's deputy made an unreasonable mistake of law that rendered the seized evidence inadmissible.

After hearing testimony and viewing the dash-cam video, the trial court denied the motion to suppress. The court found probable cause to stop the vehicle based on the deputy's reasonable observation that the pile of personal effects was materially obstructing, obscuring, or impairing Appellant's view of the road.

## II. Legal Analysis.

We apply a mixed standard of review to an order denying a motion to suppress. We review the trial court's findings of fact for competent, substantial evidence; and we review legal conclusions and mixed questions of law and fact de novo. *Connor v. State*, 803 So. 2d 598, 607–08 (Fla. 2001).

Appellant's interpretation of section 316.2004(2)(b) implicitly invokes a canon of statutory interpretation known as *ejusdem generis*.[1] Ignoring the operative verbs used in the statute ("obstructs, obscures, or impairs"), Appellant summarily excludes from the statute's reach personal belongings such as those in her rear window, because they are not physically like the items listed in the statute. Taken to its logical conclusion, this argument would require us to analyze the statutory language and resolve any potential ambiguities about its scope in light of legislative intent.

----

[1] Pursuant to this canon, "when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same class as those listed." *Ejusdem generis*, BLACK'S LAW DICTIONARY (11th ed. 2019). In section 316.2004(2)(b), the general term "nontransparent material" is preceded by the specific terms "sign" and "poster." The canon would suggest that "nontransparent material" refers to objects similar in nature to signs and posters. Appellant's resort to an *ejusdem generis* type of argument only serves to bolster our holding as to the deputy's reasonableness, since canons of statutory construction become relevant only if a statute is ambiguous. *State, Dep't of Revenue v. Lockheed Martin Corp.*, 905 So. 2d 1017, 1020 (Fla. 1st DCA 2005).

We need not parse out the full potential reach of the statute, however, because in this Fourth-Amendment context, the governing law asks only whether a potentially mistaken interpretation of the statute was objectively reasonable. *See Heien v. North Carolina*, 574 U.S. 54, 61 (2014) (holding that a search resulting from an objectively reasonable mistake of law by law enforcement does not implicate the exclusionary rule); *State v. Thomas*, 207 So. 3d 928, 932 n.1 (Fla. 1st DCA 2016) (observing that *Heien* is binding on Florida courts by virtue of the Florida Constitution's conformity clause).

Even if we assumed the deputy misinterpreted section 316.2004(2)(b), the mistake would be objectively reasonable. The mass of items in Appellant's rear window would have "obstructed obscured, or impaired" Appellant's rear visibility just as much as—if not more than—a sign, poster, or similar object in the same area. Based on the deputy's testimony at the suppression hearing, he believed in good faith that the harm the statute was intended to prevent was present. It makes no difference whether Appellant later claimed she could in fact see just fine through the rear window, or whether another observer after the fact thinks she could have seen clearly. At the deputy's decision point, he had probable cause to think Appellant committed a traffic infraction. The trial court correctly declined to suppress the evidence.[2]

AFFIRMED.

LEWIS, KELSEY, and NORDBY, JJ., concur.

---

[2] Suppression based on a mistake of law would also be inconsistent with the purpose of the exclusionary rule, which is not to redress the constitutional harm of an unlawful search, but rather to deter law enforcement from "deliberate, reckless, or grossly negligent conduct." *Maldonado v. State*, 278 So. 3d 708, 712 (Fla. 4th DCA 2019) (holding that exclusion of evidence obtained in violation of a clear statute was unnecessary because law enforcement's conduct was negligent at most, and there was no indication it was part of a pattern). We see no evidence of deliberate misinterpretation or reckless or gross negligence.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jessica J. Yeary, Public Defender, and David A. Henson, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.