675 So.2d 1049 (1996)
Sharon PETREL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1381.
District Court of Appeal of Florida, Fourth District.
July 3, 1996.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Elliot B. Kula, Assistant Attorney *1050 General, West Palm Beach, for appellee.
PER CURIAM.
Appellant challenges the trial court's order denying her motion to suppress evidence. She claims that the stop of her vehicle, which ultimately led to the seizure of evidence, was a pretextual stop.[1] Recently in State v. Daniel, 665 So.2d 1040 (Fla.1995), our supreme court held that in determining whether a stop for a minor traffic violation which results in the seizure of evidence was impermissible under the Fourth Amendment, the proper analysis was whether a reasonable officer following usual police practices would have stopped the vehicle for the traffic infraction. However, more recently, the United States Supreme Court has held that under the Fourth Amendment an officer's reasons for a stop are immaterial and that stop is reasonable when the officer had probable cause to believe that a traffic violation occurred. Thus, the test adopted by the United States Supreme Court is whether an officer could have stopped the vehicle for a traffic infraction. See Whren v. United States, ___ U.S. ___, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). As we are constitutionally directed to construe the Fourth Amendment consistent with United States Supreme Court rulings, see Article I, Section 12, Florida Constitution, we affirm appellant's conviction and sentence.
Affirmed.
WARNER, FARMER and SHAHOOD, JJ., concur.
NOTES
[1] After appellant was stopped, she was arrested for driving with a suspended license.