WARNER, Judge.
The trial court granted a motion to suppress physical evidence found in plain view during a traffic stop, finding that the stop was pretextual, relying on the standard set forth in State v. Daniel, 665 So.2d 1040 (Fla. 1995). Daniel held that the standard to be used in determining whether a stop was pre-textual was whether the officer “would have” made the stop absent the desire to investigate other crimes. However, in Whren v. United States, — U.S. -, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), the Supreme Court determined that the standard to be applied is whether the officer had probable cause to believe that a traffic infraction had occurred. That is, the stop would be upheld as reasonable if the officer “could have” stopped the vehicle for the traffic infraction, rejecting the more subjective “would have” stopped standard which our supreme court had adopted in Daniel. Because we are bound by our Florida Constitution to follow the decisions of the United States Supreme Court, see Article I, Section 12, Florida Constitution, we reverse based on Whren. See Petrel v. State, 675 So.2d 1049 (Fla. 4th DCA 1996).
We remand to the trial court for a new hearing conducted under the Whren standard, as it does not appear the trial court made a finding that the officer had probable cause to stop the automobile for a traffic infraction.
GLICKSTEIN and GROSS, JJ., concur.