SHAHOOD, J.
This is an appeal by B.H., a child, from his judgment and conviction on the charge of possession of more than twenty grams of cannabis. The issue involved is whether the trial court erred in denying appellant’s motion to suppress. We affirm.
At the hearing on the motion to suppress, the State called Captain Greg Kirk, a twenty-five year veteran at the Fort Pierce Police Department. He testified that the area where he arrested appellant is “notorious for prostitutes being picked up there.”
While on duty in plain clothes and driving an unmarked police car he noticed a known prostitute by the name of Miss Donner waive her hand at a station wagon that was making a right hand turn. The car ignored her and continued to drive. Kirk called in to get a marked unit to stop Donner and do a field interrogation on her. Before the marked unit got there, Kirk observed appellant and a black male walking north when Donner approached them for a brief conversation. All three then walked north and a grey Dodge pulled up to them. Appellant jumped into the backseat of the car along with Donner. Two black males occupied the front seats and they traveled north. After traveling about *537 three hundred yards, the car pulled into a driveway and Donner exited in a furtive manner.
The car then did a very quick u-turn in the driveway and Kirk decided to stop them, so he turned on his blue lights. The car continued to roll but did not stop. While the car rolled, Kirk observed appellant in the back seat lying over and the right front passenger looking back like something was going on.
When the car eventually stopped, Kirk got out and started to approach the driver’s side door when Officer Darren Mace arrived. Kirk continued to the driver’s side and directed Officer Mace to the other side of the car. While talking to the driver, Kirk observed that appellant was out of the car and heard Officer Mace ask if there were any guns or drugs in the car to which appellant replied yes. The appellant directed the officer to look underneath the front seat. Drugs were found and appellant said that they were his.
Kirk testified that he had probable cause that the driver committed two, three, or four traffic infractions and drove in an erratic manner. While no ticket was given, the driver did receive a warning.
The State next called Officer Mace to testify. Officer Mace testified that he asked the two individuals he was questioning whether there was anything that he needed to know about and appellant stated that “I don’t wanna get anybody in trouble, but I have some weed underneath my, my seat.”
The State rested and the defense called appellant to testify. On cross-examination, appellant admitted that the driver of the car drove the wrong way when exiting the parking lot. He also admitted that he did holler at the girl.
In denying the motion to suppress, the court found:
The Court finds and concludes there was reasonable suspicion for law enforcement to stop and search the vehicle in which the Child was a passenger because the Commander observed a known prostitute get into the car with the Child in the back seat and then saw the prostitute’s head go down on the Child. No evidence was presented by the defense to rebut or refute that testimony.
The stopping of a motorist is reasonable where a police officer has probable cause to believe a traffic violation has occurred. See Whren v. United States, 517 U.S. 806, 819, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Holland v. State, 696 So.2d 757, 759 (Fla.1997); Petrel v. State, 675 So.2d 1049, 1050 (Fla. 4th DCA 1996). The test is whether a police officer could have stopped the vehicle for a traffic violation. See Petrel, 675 So.2d at 1050.
In this case, Kirk testified that he observed the vehicle which appellant was in to have gone the wrong way on a one-way street. Appellant admitted that the driver pulled out of the driveway going the wrong way. It is a noncriminal traffic infraction to drive in the opposite direction upon a roadway so designated for one-way traffic. § 316.088(2), Fla. Stat. (2005). Kirk testified that he had probable cause that the driver committed a traffic violation. Kirk also said that the car was driving in an erratic manner, committing two, three, or four traffic infractions. This was sufficient to stop the vehicle.
In this case, based on the officers’ testimony, as well as that of appellant, the probable cause test was met. While it may not be sufficient to allow a “known prostitute” to ride in a car, there was sufficient testimony regarding the traffic violation to affirm the trial court’s denial of the motion to suppress. See Lowery v. State, 766 So.2d 417, 417 (Fla. 4th DCA *538 2000) (“This court may affirm a trial court decision deemed ‘right for a different reason’ under the ‘tipsy coachman’ rule.”).

Affirmed.

GROSS and MAY, JJ., concur.