971 So.2d 968 (2008)
STATE of Florida, Appellant,
v.
Steven YOUNG, Appellee.
No. 4D07-1813.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
*969 Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellant.
Greg Ross, P.A., Fort Lauderdale, for appellee.
MAY, J.
The State appeals an order granting the defendant's motion to suppress. It argues the trial court erred because there was reasonable suspicion for the initial stop and probable cause for the subsequent search. We agree and reverse.
While responding to a fire at approximately 1:16 a.m., a deputy saw the defendant riding a bicycle. As the deputy approached an intersection near the fire, the defendant failed to yield to a stop sign, causing the vehicle in front of the deputy to almost hit him. The defendant lost control of the bicycle and fell off. The deputy got out of her car and tried to make contact with the defendant.
The deputy became concerned because the defendant didn't stop and was coming from near the location of the fire call. When the defendant ran, the deputy became suspicious and began pursuit.
Segue to earlier in the evening, when a second deputy had been called to a restaurant bar concerning a battery involving a vehicle. The victims reported that after a *970 verbal altercation involving the defendant, they left the bar and went to a warehouse they were renting. The defendant arrived at the warehouse shortly thereafter with another individual in a van. There, a battery occurred including the use of the van. While questioning the victims, the second deputy received the call about the fire. He recognized the address as a few doors down from the warehouse location of the battery.
As he began to respond to the fire call, the first deputy radioed the description of the defendant she was pursuing, which matched the description of the person involved in the battery. The second deputy relayed this information to the first deputy.
The first deputy ultimately apprehended the defendant as he attempted to climb over a chain-link fence. She handcuffed and searched him, finding two lighters. She placed the defendant in her patrol car and drove him to the location of the fire. The defendant was identified as being seen in the area where the fire had been started.
The State charged the defendant with battery with a deadly weapon (motor vehicle), arson, assault with a deadly weapon (motor vehicle), and resisting an officer without violence (fleeing). The defendant moved to suppress the lineup, show-up photograph, and other pre-trial and courtroom identification of the defendant. He also moved to suppress photographs, the bicycle, a pair of shoes, and the two lighters.
The defendant argued that there was no probable cause to justify the search, that the search was beyond the scope of that permitted when incident to a lawful arrest, and that the initial stop was illegal because law enforcement did not have reasonable suspicion. The State argued that both the stop and the subsequent search were justified.
Boiled down to its essence, the first deputy testified that she had observed the defendant commit a traffic infraction by crossing the intersection without yielding to the stop sign, but she didn't write him a ticket. She had a hunch, but did not know whether a crime had been committed. The second deputy testified to the facts concerning the investigation of the battery and the exchange of information by radio. After a hearing, the trial court granted the defendant's motions to suppress. The court stated:
I find that the officer, as she confessed, based on a hunch stopped the defendant, Mr. Young, and while he did commit traffic violations riding his bicycle at night without a light and apparently failing to yield to traffic, the officer acknowledged that that's not why he was stopped. That wasn't even a consideration for her initially. The reason she stopped him was because she just put two and two together and thought he may have been involved in this arson that she was traveling to or investigating. So I don't believe that there was a well-founded or reasonable suspicion that he had committed a crime, or was about to commit a crime, or was in the process of committing a crime. Therefore, that motion would be granted. For appellate purposes, I think the defense is right and that the show up ultimately has to be suppressed as well. It stems from the illegal stop. Fruit of the poisonous tree, if you will. However, in case I'm wrong about that, I will make findings that the show up was not otherwise impermissibly suggestive. I think considering the factors that have been set forth by the State, that this wasn't unnecessarily or impermissibly suggestive.... But I suppress; it nonetheless for the reasons before stated.
It is from this order that the State appeals. It argues that the facts support a *971 finding of reasonable suspicion for the stop and probable cause for the arrest and subsequent search. We agree with the State and reverse.
We review orders on motions to suppress to determine whether the trial court's factual findings are supported by competent substantial evidence and review legal issues de novo. Thomas v. State, 894 So.2d 126, 136 (Fla.2004). It is a legal issue  the standard to be applied in determining the justification for the stop and search  that allows us to apply the de novo standard of review in this case.
In examining the validity of a traffic stop under the Fourth Amendment, the "correct test to be applied is whether the particular officer who initiated the traffic stop had an objectively reasonable basis for making the stop." Dobrin v. Fla. Dep't of Highway Safety & Motor Vehicles, 874 So.2d 1171, 1174 (Fla.2004). The "officer's reasons for a stop are immaterial and that stop is reasonable when the officer had probable cause to believe that a traffic violation occurred." Petrel v. State, 675 So.2d 1049, 1050 (Fla. 4th DCA 1996). The "test . . . is whether an officer could have stopped the vehicle for a traffic infraction." Id. (quoting Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004).
In State v. Hernandez, 718 So.2d 833, 835 (Fla. 3rd DCA 1998), the trial court had rejected a similar argument by the State that the stop of a car was justified because of the commission of a traffic infraction. The trial court found "that the police had no articulable suspicion of a crime being committed . . . given the officer's candid admission that they had no intentions of citing the driver for the commission of the traffic infraction." Id. The third district reversed. The court reiterated the proper test: "whether an officer could have stopped the vehicle for a traffic infraction." Id. at 836.
Here, just as in Hernandez, the trial court erred in relying upon the deputy's testimony that she had a "hunch" to reach the conclusion that the stop was unlawful. The proper analysis required an objective review of the facts to determine if reasonable suspicion existed for the stop and probable cause existed for the arrest and subsequent search. Our review reveals that the stop, arrest, and search were justified.
When the defendant ran the stop sign, the deputy had reasonable suspicion to stop the defendant for the traffic infraction. Because the deputy was justified in making the traffic stop, it was lawful for the deputy to order the defendant to stop. Because the defendant ran from the deputy, she had probable cause to arrest the defendant for resisting an officer without violence. See § 843.02, Fla. Stat. (2006). Thus, the search that produced the lighters was lawful as a search incident to arrest for resisting an officer. See also State v. Wilson, 725 So.2d 1143, 1144 (Fla. 2nd DCA 1998) (upholding a search incident to arrest when the defendant fled after being stopped for operating a bicycle without lights after dark in violation of statute).
For these reasons, we reverse the order of suppression and remand the case for further proceedings.
Reversed and remanded.
POLEN and KLEIN, JJ., concur.