988 So.2d 116 (2008)
STATE of Florida, Appellant,
v.
Javonte L. WIMBERLY, Appellee.
No. 5D07-3444.
District Court of Appeal of Florida, Fifth District.
July 25, 2008.
*117 Bill McCollum, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Allison A. Havens, Assistant Public Defender, Daytona Beach, for Appellee.
ORFINGER, J.
The State of Florida appeals an order suppressing cannabis and statements, both of which were obtained following a police stop of the vehicle in which Javonte L. Wimberly was a passenger. Because it appears that the trial court applied an incorrect standard in its evaluation of the legality of the traffic stop, we reverse for further consideration.
Wimberly was charged by information with several offenses, including possession of cannabis within 1,000 feet of a place of worship with intent to sell or deliver. Wimberly sought to suppress the seized cannabis and his incriminating statements made to the police on the grounds that "the law enforcement officer did not have a founded suspicion that [Wimberly] was engaged in criminal activity" and the alleged minor traffic infraction "was a pretext for an otherwise invalid stop."
At the suppression hearing, two police officers testified that they conducted a traffic stop of the vehicle in which Wimberly was a passenger because they believed that the vehicle's windows were illegally tinted. During the stop, the officers confirmed Wimberly's identification and *118 the existence of an outstanding warrant for his arrest for a probation violation. Wimberly was taken out of the car, placed in handcuffs and searched. A small baggie of cannabis was found in his pocket. He was then read his Miranda rights, and placed in the back of the patrol car. Due to the smell of cannabis coming from the vehicle and the cannabis found on Wimberly, the officers searched the vehicle. During their search, the officers found a red Christmas tin in the backpack of a child, who was sitting in the backseat of the vehicle, containing between 70 and 80 grams of cannabis. Wimberly admitted that he, not the driver, owned the drugs. The officers gave the driver a citation for the illegal window tint.[1]
Wimberly's testimony at the suppression hearing significantly conflicted with the officers' testimony. He testified that as he was leaving an apartment complex with the driver and her two children, the police shined a light through their car's partially open windows. He denied all of the officers' allegations, specifically, that he claimed ownership of drugs or knew that he had an outstanding warrant for violation of probation. Likewise, he did not remember the officer finding a baggie of cannabis in his pocket when he was searched. Of particular significance to this appeal, Wimberly also presented the testimony of Ronald Holmes, the owner of the shop where the vehicle's windows were tinted. Holmes testified that he installed a legal 35% auto window tint on the vehicle Wimberly occupied about five months prior to Wimberly's arrest.
After considering the evidence, the court granted the motion to suppress, concluding that because the window tint was legal, the police had no basis to stop the car. More specifically, the court ruled:
The central issue presented in Defendant's Motion to Suppress Warrantless Stop, Search, Seizure, and Arrest is whether law enforcement had a legal basis to stop the vehicle [that] Mr. Wimberly was occupying because of illegal tint on the vehicle's windows. Both officers testified that they believed the tint was too dark and therefore illegal, forming the basis for their traffic stop, which ultimately led to the arrest of Mr. Wimberly. Mr. Holmes, [the] owner of Loco Customs, Inc., testified that he installed legal tint on the subject vehicle several months before the traffic stop. The court heard no testimony that would give it any reason to believe that some other tint was present on the vehicle at the time of the traffic stop.

The Court finds that the testimony of Mr. Holmes, the only independent witness, more credible and persuasive than the other witnesses, and concludes based upon his testimony that the vehicle did not have illegal tint on its windows at the time of the traffic stop. Thus, law enforcement had no legal basis to conduct a traffic stop on the vehicle.

(Emphasis added). On appeal, the State argues that the officers had a reasonable suspicion to believe that a traffic infraction was being committed, and as a result, had a lawful basis to stop the vehicle Wimberly occupied.
A challenged motion to suppress frequently presents mixed questions of law and fact for consideration by the reviewing court. McMaster v. State, 780 So.2d 1026, 1028 (Fla. 5th DCA 2001) (citing Lester v. State, 754 So.2d 746 (Fla. 1st DCA 2000)). *119 Findings of fact made by the trial court are subject to the substantial competent evidence standard. Ikner v. State, 756 So.2d 1116, 1118 (Fla. 1st DCA 2000). The application of the law by the trial court, however, is reviewed de novo. McMaster, 780 So.2d at 1028; State v. Ramos, 755 So.2d 836 (Fla. 5th DCA 2000); see Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Porter v. State, 765 So.2d 76, 77 (Fla. 4th DCA 2000). On review, the trial court's ruling enjoys a presumption of correctness, and the evidence and all reasonable inferences drawn from it are interpreted in a manner most favorable to sustaining the ruling. See Connor v. State, 803 So.2d 598, 605 (Fla.2001); Murray v. State, 692 So.2d 157, 159 (Fla.1997); Caso v. State, 524 So.2d 422, 424 (Fla.1988).
Generally, a traffic stop is reasonable under the Fourth Amendment "where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). An officer's subjective intentions play no role in Fourth Amendment analysis. Id. at 813, 116 S.Ct. 1769. In Holland v. State, 696 So.2d 757 (Fla.1997), the Florida Supreme Court receded from its earlier decision in State v. Daniel, 665 So.2d 1040 (Fla.1995), in light of Whren, finding that the United States Supreme Court had "rejected the reasonable officer test in favor of a strict objective test which asks only whether any probable cause for the stop existed." Holland, 696 So.2d at 759. Thus, the issue in this case is whether the officers had probable cause to believe that the windows of the car in which Wimberly was riding were illegally tinted, not whether the windows were actually illegally tinted.
A traffic stop based on an officer's incorrect but reasonable assessment of the facts does not violate the Fourth Amendment. Saucier v. Katz, 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir.2003). If an officer makes traffic stop based on a mistake of fact, the court must determine whether the officer's mistake of fact was reasonable. Great deference is given to the judgment of trained law enforcement officers "on the scene." See Saucier, 533 U.S. at 205-06, 121 S.Ct. 2151 (discussing excessive force claims while noting that excessive force and probable cause determinations are subject to same Fourth Amendment analysis). "The principal components of a determination of reasonable suspicion or probable cause will be... viewed from the standpoint of an objectively reasonable police officer...." Ornelas, 517 U.S. at 696, 116 S.Ct. 1657. "[W]hat is generally demanded of the many factual determinations that must regularly be made by agents of the government... is not that they always be correct, but that they always be reasonable." Illinois v. Rodriguez, 497 U.S. 177, 185, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). An officer's mistake of fact may provide the objective basis for reasonable suspicion or probable cause under the Fourth Amendment because of the intensely fact-sensitive nature of reasonable suspicion and probable cause determinations. See Ornelas, 517 U.S. at 695-96, 116 S.Ct. 1657. Consequently, an officer's mistake of fact does not necessarily render his actions unreasonable, because what is reasonable will be dependent on the specific circumstances presented by each case. Chanthasouxat, 342 F.3d at 1276.[2] To *120 hold otherwise would force police to determine conclusively whether a violation had occurred before they have probable cause to investigate it. Such a standard would be more expansive than the Fourth Amendment, which limits only "unreasonable" searches and seizures.
It appears to us that the trial court concluded that because the window tint was legal, the traffic stop was illegal, requiring suppression of the drugs and statements. That is not the standard to be used by the court. Accordingly, we reverse for further consideration.[3]
REVERSED and REMANDED for further proceedings.
PLEUS and EVANDER, JJ., concur.
NOTES
[1] Sections 316.2951-.2956, Florida Statutes (2007), provide that it is a noncriminal traffic infraction to operate a motor vehicle on which sunscreening material has been applied to the side or rear windows, which has the effect of altering the windows' transparency beyond specified limits.
[2] The same would not be true with respect to an officer's mistake of law. A number of state and federal courts have held that an officer's mistake of law as to what constitutes a traffic violation, no matter how reasonable, cannot provide objectively reasonable grounds for probable cause. See, e.g., Chanthasouxat, 342 F.3d at 1279; Hilton v. State, 961 So.2d 284, 294 (Fla.2007).
[3] On remand, if the court determines that the officers did not have probable cause to stop the vehicle, it must determine whether Wimberly's arrest pursuant to a warrant was an intervening circumstance sufficient to break the chain of illegality. See State v. Frierson, 926 So.2d 1139 (Fla.2006).