POLEN, J.
 

 Appellant, the State of Florida, appeals the trial court’s order granting Appellee, Richard Hebert’s, motion to suppress. This court has jurisdiction. Fla. R.App. P. 9.140(b)(1)(A).
 

 While on patrol in Vero Beach, a sergeant of the Florida Highway Patrol was stopped at a traffic light on a six-lane divided highway facing south. The light turned green allowing southbound traffic to proceed through the intersection. As southbound traffic began to move through the intersection, the sergeant saw a northbound vehicle make a left turn cutting in front of the southbound vehicles, forcing everyone to slam on their brakes and nearly causing a collision with one vehicle. The sergeant pulled the vehicle over, and upon running the driver’s license discovered that the license had been permanently revoked.
 

 Hebert was charged with driving while his license was permanently revoked and filed a motion to suppress his identity arguing that the sergeant did not have probable cause to stop his vehicle. At the hearing on Hebert’s motion to suppress, the sergeant testified that he had no way of knowing whether the offending vehicle had a green arrow or not when the driver initiated the turn because he could not see the light for northbound traffic. However, the sergeant was certain that the light for southbound traffic was green. Both Hebert and his wife testified that the arrow was green when he made the turn.
 

 The trial court granted Hebert’s motion to suppress and found that, although the
 
 *395
 
 sergeant s testimony was credible, there was “honest doubt as to whether or not the defendant violated” the applicable statute.
 
 [1]
 
 The State now timely appeals.
 

 A trial court’s ruling on a motion to suppress is clothed with a presumption of correctness on appeal, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling.
 
 State v. Manuel,
 
 796 So.2d 602, 604 (Fla. 4th DCA 2001). At the same time, legal issues such as the legal standard applied by the trial court are reviewed
 
 de novo. State v. Young,
 
 971 So.2d 968, 971 (Fla. 4th DCA 2008). In order to determine the constitutional validity of a traffic stop, the “correct test to be applied is whether the particular officer who initiated the traffic stop had an objectively reasonable basis for making the stop.”
 
 Id.
 
 (quoting
 
 Dobrin v. Fla. Dep’t of Highway Safety & Motor Vehicles,
 
 874 So.2d 1171, 1174 (Fla.2004)). Probable cause exists where the totality of the facts known to the officer at the time would cause a reasonable person to believe that an offense has been committed.
 
 State v. Walker,
 
 991 So.2d 928, 931 (Fla. 2d DCA 2008).
 

 In
 
 State v. Wimberly,
 
 police officers stopped a vehicle because they believed the windows were illegally tinted. 988 So.2d 116, 118 (Fla. 5th DCA 2008). After testimony proved that the window tint was legal, the trial court granted defendant’s motion to suppress concluding that because the window tint was legal, the police officers had no reason to stop the vehicle.
 
 Id.
 
 at 119. The Fifth District reversed the trial court finding it had applied the wrong standard in granting defendant’s motion to suppress because it had determined whether there was an actual violation instead of whether the officers had probable cause to believe there had been a violation.
 
 Id.
 
 at 119-20.
 

 In the present case, the trial court expressed it had an honest doubt as to whether or not the defendant violated the applicable statute and never determined whether the sergeant had probable cause to stop Hebert’s vehicle. Therefore, the trial court erred by applying the wrong legal standard.
 

 Reversed and remanded for further proceedings consistent with this opinion.
 

 WARNER and HAZOURI, JJ., concur.
 

 [1]
 

 . Section 316.112, Florida Statutes, provides: The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction, or vehicles lawfully passing on the left of the turning vehicle, which is within the intersection or so close thereto as to constitute an immediate hazard. A violation of this section is a noncriminal traffic infraction, punishable as a moving violation as provided in chapter 318.