PER CURIAM.
Damian Eugene Leslie (defendant) appeals his judgment and sentences, arguing that the trial court erred in denying his motion to suppress contraband seized during a traffic stop. Determining that the police lacked reasonable suspicion to justify the stop, we reverse.
The defendant was charged with possession of cocaine and possession of 20 grams or less of marijuana.[1] He filed a motion to suppress the contraband based on the claim that its discovery resulted from an unlawful seizure. Specifically, he argued that the police lacked reasonable suspicion to conduct a traffic stop of his vehicle. At the suppression hearing, a law enforcement officer testified that he saw the defendant’s vehicle driving toward him, and he noticed that the vehicle did not have a center rearview mirror. The officer believed that this absence of a mirror was a traffic violation and, therefore, waved down the vehicle. The defendant stopped the vehicle. When the officer went to talk to the defendant, he saw three baggies of marijuana on the defendant’s lap. This discovery ultimately led to the instant charges. The court denied the suppres *723 sion motion. The defendant then pled nob contendere after reserving the right to appeal the denial of his dispositive motion to suppress.
The defendant contends that the trial court erred in denying his motion to suppress because the traffic stop was based on a mistake of law. We agree.
An officer’s mistake of law as to what constitutes a traffic violation cannot provide reasonable suspicion justifying a traffic stop. Hilton v. State, 961 So.2d 284, 298 (Fla.2007); State v. Wimberly, 988 So.2d 116, 119 n. 2 (Fla. 5th DCA 2008). Florida law requires a vehicle to have “a mirror so located as to reflect to the driver a view of the highway for a distance of at least 200 feet to the rear of the motor vehicle.” § 316.294, Fla. Stat. (2011). This statute does not require a center rearview mirror if one or more side mirrors meet its requirement, so here, the officer’s belief to the contrary was a mistake of law. See U.S. v. Chanthasouxat, 342 F.3d 1271 (11th Cir.2003) (holding same regarding traffic stop for lack of rearview mirror based on substantially identical Alabama statute).[2]
REVERSED and REMANDED.
PALMER, LAWSON and COHEN, JJ., concur.

. See § 893.13(6)(a)-(b), Fla. Stat. (2011).

. The trial court agreed that the officer made a mistake of law, but nevertheless denied the motion to suppress on the basis that the absence of a center mirror could have been caused by adhesive failure, which might have suggested similar failure of adhesive holding the side mirrors (which the officer could not see from his vantage point). We reject this logic as both unsupported by any evidence at the hearing and too tenuous to support reasonable suspicion.