PER CURIAM.
The defendant appeals his convictions for robbery with a deadly weapon and aggravated battery. He argues the court erred in two respects: (1) restricting de *272 fense counsel’s voir dire of prospective jurors concerning their views on convicted felons, and (2) denying a motion to suppress. We find no merit in the voir dire issue, but do find merit in the second issue concerning the motion to suppress. We reverse.

Pertinent Facts and Trial Court Proceedings

The defendant approached the victim as he stood outside his car and demanded money. When the victim refused to give up his money, the two began fighting. As the victim tried to leave in his car with the door open, the car became stuck in the sand. He suddenly felt a pain in his side and noticed he was bleeding. The victim then passed out. A 911 call placed by the defendant brought help, but the defendant was not present when the help arrived.
Two days later, a police officer noticed the defendant’s vehicle missing the side-view mirror on the driver’s side.[1] The officer conducted a traffic stop. When he asked for the defendant’s driver’s license, the defendant responded that he did not have it on him. The officer ran the defendant’s name and date of birth, learning his license was suspended. The officer arrested the defendant for driving with a suspended license.
A search incident to arrest revealed a blank check with the victim’s name on it in the left front pocket of the defendant’s pants and two pocket knives in his right rear pocket. The officer also noticed possible blood stains on the trunk of the car.
Prior to trial, the defendant moved to suppress the check and knives seized during the traffic stop. At the hearing, the officer testified that he stopped the vehicle due to the missing sideview mirror on the driver’s side. Regarding whether the vehicle was unsafe, the officer testified:
Q And why did you feel that the car was unsafe?
A Well, it was missing the sideview mirror on the driver’s side. If you need to turn lanes, you need to use your mirror.
Q Did you feel that it was endangerment to any person or property?
A Sure.
The officer arrested the defendant for driving on a suspended driver’s license and cited him for improper equipment under section 816.610, Florida Statutes (2011) (making it illegal to drive a vehicle that is unsafe or not equipped as required by law). At the suppression hearing, the State argued the facts also supported the officer making a stop pursuant to section 316.294, Florida Statutes (2011) (requiring “a mirror so located as to reflect to the driver a view of the highway for a distance of at least 200 feet to the rear of the motor vehicle....”). The trial court denied the motion to suppress, finding the missing mirror justified the traffic stop.
The jury found the defendant guilty. From his conviction and sentence, the defendant now appeals.

Appellate Analysis

The suppression issue turns on the validity of the traffic stop and the officer’s reliance on safety equipment statutes. As the ruling on a motion to suppress is a mixed question of law and fact, we have a mixed standard of review. The trial court’s fact-finding is presumed correct if supported by competent substantial evidence, but we review the legal issue de novo. Dixon v. State, 72 So.3d 171, 174 (Fla. 4th DCA 2011) (quoting Connor v. State, 803 So.2d 598, 605 (Fla.2001)).
We begin by exploring our supreme court’s decision in Hilton v. State, 961 *273 So.2d 284 (Fla.2007). There, law enforcement stopped the defendant’s car because of a crack in the windshield. The officers found marijuana on the defendant and arrested him. The defendant moved to suppress the marijuana, arguing the stop was illegal because the cracked windshield did not obstruct his vision. The trial court denied the motion, finding the cracked windshield an objectively reasonable basis to stop the vehicle. Id. at 287.
Our supreme court wrote that:
[i]t is a question of statutory interpretation as to whether section 316.610 of the Florida Statutes permits a stop for a cracked windshield on the basis that the crack renders the windshield ‘not in proper adjustment or repair,’ even if the crack does not otherwise render the vehicle unsafe. Statutory interpretation is a question of law subject to de novo review.
Id. at 288 (quoting BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003)).
The court held that because Florida law did not prohibit a vehicle from operating with a cracked windshield, law enforcement could stop the vehicle only if the crack created a safety hazard. Id. at 290. An objectively reasonable standard is used to make that determination. The court held the State had failed to meet its burden of demonstrating the vehicle was unsafe. Id. at 297.
Here, the defendant claims his car did not violate section 316.294 because the statute requires that a vehicle only have “a mirror so located as to reflect to the driver a view of the highway for a distance of at least 200 feet to the rear of the motor vehicle.”[2] The defendant relies on two circuit court appellate decisions, Veltri v. State, 17 Fla, L. Weekly Supp. 435b (Fla. 17th Cir.Ct.2009), and State v. Clancey, 16 Fla. L. Weekly Supp. 1112a (Fla. 6th Cir.Ct.2009) in support of this argument. No evidence was presented that the defendant’s vehicle did not have a rearview mirror mounted on the windshield.
The State responds that section 316.2954(2), Florida Statutes (2011), requires rearview mirrors on both sides of a vehicle. Subsection (2) specifically provides:
A person shall not operate any motor vehicle upon any public highway, road, or street, on which vehicle the rear window is composed of, covered by, or treated with any material which has the effect of making the window nontransparent, unless the vehicle is equipped with side mirrors on both sides that meet the requirements of s. 316.294.
Id. Further, the officer testified that the missing mirror rendered the vehicle unsafe, pursuant to section 316.610. We disagree with the State.
First, the State’s reliance on section 316.2954(2) is misplaced. That provision requires the back window to be “nontransparent” as a prerequisite to the requirement of two mirrors. There was no testimony in this case that the defendant’s back window was nontransparent.
Second, the testimony of the arresting officer was insufficient to objectively show the vehicle was unsafe. The officer correctly observed that a rearview mirror is needed to safely change lanes, but there was no evidence the vehicle did not have a rearview mirror.
We find the decisions in Veltri and Clan-cey helpful on whether missing mirrors render a vehicle unsafe under the objectively reasonable standard. In Veltri, the *274 circuit court held law enforcement was unjustified in stopping a vehicle for having only one rearview passenger side mirror. “There was no evidence introduced that would support a finding of probable cause that Appellant violated this statute.” 17 Fla. L. Weekly Supp. at 435. In Clancey, the court similarly held that the fact that the vehicle “had a wooden bumper and no exterior side mirror did not provide a lawful basis for a traffic stop.” 16 Fla. L. Weekly Supp. 1112.
Because section 316.294 requires that a vehicle have “a” mirror capable of viewing 200 feet behind the vehicle, the absence of a single mirror on the exterior of the car neither violates the statute nor renders the vehicle unsafe by an objectively reasonable standard, without proof there was no other sideview or rearview mirror on the vehicle. We therefore find the stop to have been illegal. The motion to suppress should have been granted.
We reverse the defendant’s convictions and sentences and remand the case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded for a new trial.

MAY, C.J., TAYLOR and CONNER, JJ., concur.

. The vehicle was also missing a passenger’s rear window.

. The defendant also argues there was no requirement for the vehicle to have an intact rear side window or permit a traffic stop for not wearing a seat belt at the time of the defendant's arrest. The State does not dispute these arguments.