DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**GARY COLEY,**
Appellee.

No. 4D13-1402

[February 25, 2015]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 11005957CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellee.

CONNER, J.

The State appeals the trial court's order granting Gary Coley's motion to suppress. We agree with the State that the trial court erred by treating the officer's view of the facts as a mistake of law and reverse.

*Factual Background and Trial Court Proceedings*

Coley was charged with possession of cocaine and cannabis after his vehicle was stopped by an officer for an illegal window tint. Coley moved to suppress any and all contraband seized and statements made, arguing that there was no probable cause for the stop.

At the hearing on Coley's motion, the officer testified that he had eight years of experience as a road patrol officer and has issued many citations for illegal tints of side windows. He stated that in his experience, the tint is illegal where the driver of the vehicle cannot be seen. The officer correctly stated that per statutory regulation, a tint measurement of less

than 28% is illegal.[1]  He testified that he stopped Coley's vehicle at 11:52 a.m. because he believed that the vehicle's side windows had an illegal tint.  The officer explained that his belief was based upon the fact that, even with the daylight, he could not see the driver of the vehicle through the tint of its side windows, thus giving him probable cause to conduct the traffic stop.  After stopping the vehicle, he was then able to put a tint meter up to the window to measure the tint, which read 11%.  Because the tint was illegal, he issued Coley a citation.

The defense asserted that the traffic stop was illegal due to the officer's mistake of law because the law does not state that a tint is illegal if the driver cannot be seen through it.  The defense argued that an officer's mistake of law as to what constitutes a traffic violation cannot provide justification for a traffic stop.

The State argued there was no mistake in the *law* as to what constitutes an illegal tint under the Florida Statutes.  The State pointed out to the trial court that the officer knew, prior to the stop, what was the threshold percentage for determining whether a tint is illegal.  Thus, the State argued that in making a determination on Coley's motion, the relevant issue was whether the officer had *probable cause* to believe that the tint was illegal at the time he conducted the stop.  The State argued that there was probable cause to believe that Coley's vehicle had an illegal tint based on the fact that the driver could not be seen through it and that this is why the officer stopped the vehicle.

The trial court granted the motion to suppress, stating:

> The Court is going to find that the police officer's stop was illegal.  The Court is going to find that the tint on the windows -- his testimony was, if he couldn't see through it, was a violation of the law.  The law is it has to be less than 28 percent.  His testimony is not consistent with that.
>
> You take in the light from the outside, you take in the vehicle, whatever was on the vehicle, before the tint was actually installed on the vehicle.  I just don't find that he met his requirements of probable cause by just thinking that, if I can't see through it, therefore, it's illegal.

---

[1] Pursuant to section 316.2953, Florida Statutes (2013), the restriction as to sunscreen material on side windows is such that "a light transmittance of at least 28 percent in the visible light range" is required.  § 316.2953, Fla. Stat. (2013).

2

The Court is going to grant the motion to suppress. And I am going to base it on the case that just came out of the Florida Law Weekly, the one with the rear view mirror that also cites *Wimberly* in it.

[STATE]: You're finding it was a mistake of law, not as facts?

THE COURT: It was a mistake of law.

*Appellate Analysis and Disposition*

In reviewing an order on a motion to suppress, an appellate court accepts the trial court's findings of fact as true so long as they are supported by competent, substantial evidence, but reviews the legal issues *de novo*. *Lindo v. State*, 983 So. 2d 672, 675 (Fla. 4th DCA 2008); *Underwood v. State*, 801 So. 2d 200, 202 (Fla. 4th DCA 2001).

A traffic stop is permissible under the Fourth Amendment where an officer has probable cause to believe that a traffic infraction has occurred. *Holland v. State*, 696 So. 2d 757, 759 (Fla. 1997); *Underwood*, 801 So. 2d at 202. As we have previously recognized, the probable cause standard

does not demand any showing that such belief be correct or more likely true than false. A "practical, nontechnical" probability . . . is all that is required. . . . Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.

*State v. Neumann*, 567 So. 2d 950, 952 (Fla. 4th DCA 1990) (citations omitted) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

On appeal, the State asserts that the fact that the officer could not see the driver of the vehicle through the tint of the side window in the middle of the day gave him probable cause to believe that the vehicle had an illegal tint, and therefore, justified the traffic stop. In a factually similar case, we found that a patrolling officer had probable cause to stop a vehicle based on the suspicion that the windows were illegally tinted. *State v. Sarria*, 97 So. 3d 282, 283-84 (Fla. 4th DCA 2012); *Cf. Poliar v. State*, 898 So. 2d 1013, 1014 n.2 (Fla. 4th DCA 2005) ("[The defendant] conceded at the suppression hearing that the trooper was entitled to stop and detain him due to the tinted windows. The windows were so heavily tinted that the occupants could not be seen from outside the car."). Likewise, in this case, we conclude the officer had probable cause to stop the vehicle based on

his observation that Coley's side windows were so heavily tinted that he could not see the occupant in broad daylight.

The trial court's reliance on *Springer v. State*, 125 So. 3d 271, 272 (Fla. 4th DCA 2013), is misplaced.[2] In *Springer*, a police officer conducted a traffic stop of the defendant's vehicle after noticing that the vehicle was missing a side view mirror on the driver's side and cited him under a statute requiring "a mirror so located as to reflect to the driver a view of the highway for a distance of at least 200 feet to the rear of the motor vehicle." *Id.* There we explained that "[b]ecause section 316.294 requires that a vehicle have 'a' mirror capable of viewing 200 feet behind the vehicle, the absence of a single mirror on the exterior of the car neither violates the statute nor renders the vehicle unsafe by an objectively reasonable standard, without proof there was no other side view or rearview mirror on the vehicle." *Id.* at 274. Because the officer was mistaken about the law and the law did not actually require the side view mirror on the driver side, we concluded there was no lawful reason for him to conduct a traffic stop in the first place and held that the stop was illegal. *Id.*

In contrast, in this case there was no mistake in the officer's understanding of law. Contrary to the trial court's review of the testimony, the officer was not mistaken that the law required a minimum threshold of 28% light transmittance. His belief (a tint that is too dark to allow one to see the occupant is illegal) is not a mistake of law; rather, this belief relates to the facts he used to conclude he was justified in making a traffic stop.

The trial court also mentioned *State v. Wimberly*, 988 So. 2d 116 (Fla. 5th DCA 2008), in its findings. *Wimberly* is also inapplicable to the facts of this case. In *Wimberly*, the officers stopped the vehicle in which Wimberly was a passenger because they believed "the tint was too dark," according to the trial court's discussion of the testimony. *Id.* at 117-18. At the suppression hearing, Wimberly presented testimony from the owner of the shop which installed the tint that the tint was legal. *Id.* After finding as a matter of fact that the tint was legal, the trial court concluded the stop was illegal because the officers were wrong on the facts justifying the stop. *Id.* at 118. The Fifth District reversed and explained that a traffic stop based on an officer's incorrect but *reasonable* assessment of the facts does not render the stop illegal. *Id.* at 119. The court went on to explain

---

[2] During the hearing on the motion to suppress, defense counsel referred to *Springer* which the trial court later used to base its findings in regards to a mistake of law. However, the trial court incorrectly asserted that *Springer* cites to *State v. Wimberly*, 988 So. 2d 116 (Fla. 5th DCA 2008).

that "[i]f an officer makes a traffic stop based on a mistake of fact, the court must determine whether the officer's mistake of fact was reasonable." *Id.*

In this case, the evidence showed that Coley's tint was indeed below the statutory minimum, as the officer had suspected. As such, there was no mistake of fact like there was in *Wimberly*.

Having concluded that the trial court erred in granting Coley's motion to suppress, we reverse the trial court and remand for further proceedings consistent with this opinion.

*Reversed and Remanded.*

DAMOORGIAN, C.J., AND FORST, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5