**SIXTH DISTRICT COURT OF APPEAL**
Case No. 6D2023-2304
Lower Tribunal No. 2022-CF-006589-O

STATE OF FLORIDA,

Appellant,

v.

RAYNE BURNETT CRUME,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Robert J. Egan, Judge.

August 21, 2024

SMITH, J.

The State of Florida ("State") appeals an order granting Appellee Rayne Burnett Crume's ("Crume") motion to suppress a firearm found in his car following a traffic stop for careless driving. The trial court ruled the State failed to establish probable cause for the stop. We have jurisdiction. *See* Fla. R. App. P. 9.140(c)(1)(B). For reasons discussed below, we reverse and remand for further proceedings.

The relevant facts are both simple and undisputed. During daytime hours on June 8, 2022, a patrol officer was stopped at a traffic light headed westbound, with five or six cars in front of him. Crume was traveling the same direction in the turn-

only lane to the immediate left of the officer's lane. He passed the officer's line of traffic until he came to a stop at the light, as the first car in the turn-only lane. After the light turned green, Crume, rather than turn left, sped up and cut in front of the westbound traffic.

The officer stopped Crume for careless driving, which is defined as follows:

> Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person.

§ 316.1925(1), Fla. Stat. (2021). At some point after the stop, a firearm was observed in plain view in the vehicle. Crume was arrested and charged with possession of a firearm by a convicted felon and third-degree grand theft of a firearm.[1]

Crume moved to suppress the firearm and any statements made by him after the stop,[2] arguing both were fruits of an unlawful detention. At the hearing on the motion to suppress, Crume claimed that before shifting lanes he motioned to the lead

---

[1] The arrest affidavit indicates while the stop was on-going, the officers discovered Crume was a convicted felon and the firearm had been reported as stolen.

[2] The State moved to strike Crume's motion to suppress for failure to comply with Florida Rule of Criminal Procedure 3.190(g)(2), which requires that motions to suppress "state clearly the particular evidence sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based." The motion to strike was granted as to the statements, but not as to the firearm. Neither side has raised before this Court on appeal anything related to the statements. Based on this Court's reversal of the order suppressing the firearm, this Court need not address the State's argument related to the procedural sufficiency of Crume's motion to suppress.

driver in front of the line of traffic headed westbound and this driver signaled to him permission to cut in front of the line. After hearing the testimony of the officer and Crume, the trial court granted the motion to suppress the firearm.

"The Fourth Amendment to the United States Constitution and section 12 of Florida's Declaration of Rights guarantee citizens the right to be free from unreasonable searches and seizures." *Golphin v. State*, 945 So. 2d 1174, 1179 (Fla. 2006); *see also State v. Hickman*, 363 So. 3d 217, 219 (Fla. 6th DCA 2023). A traffic stop is a seizure. *See Whren v. United States*, 517 U.S. 806, 809–10 (1996); *Holland v. State*, 696 So. 2d 757, 758–59 (Fla. 1997). This type of seizure is considered reasonable, though, under the Fourth Amendment where an officer has "probable cause to believe a traffic violation has occurred." *See Whren*, 517 U.S. at 810. "The test for probable cause is whether the [totality of the] facts and circumstances within an officer's knowledge are sufficient to warrant a person of reasonable caution to believe that [it is more likely than not that] an offense has been committed." *State v. C.J.*, 219 So. 3d 974, 976 (Fla. 4th DCA 2017) (alteration in original) (quoting *Curtis v. State*, 748 So.2d 370, 374 (Fla. 4th DCA 2000) (en banc)); *see also State v. Hebert*, 8 So. 3d 393, 395 (Fla. 4th DCA 2009).

There appeared to be some confusion by the trial court as to the applicable standard for probable cause. The court at one point stated, "the State does need to *prove* he did commit a careless driving. I think that's [the State's] burden." In its written order issued after the hearing, the court similarly held, "[b]ecause there was

3

*no evidence* presented that the Defendant's maneuver endangered the life, limb, or property of another, and there was no other reason articulated for the stop, the Court finds there was no probable cause for the subject traffic stop." (emphasis added.) To be fair, the court seemed to express a more accurate understanding of the probable cause standard at other points in the hearing. The State asked for a brief recess to research the proper standard, which was denied. At best, then, it is unclear whether the lower court applied the proper standard in reaching its ruling.

In *State v. Wimberly*, 988 So. 2d 116 (Fla. 5th DCA 2008), the trial court's suppression order was reversed and remanded for utilizing an improper probable cause standard. There, officers stopped a vehicle based on the belief that the defendant's windows were illegally tinted. The trial court granted a motion to suppress because the unrefuted evidence showed the window tint was, in fact, legal. *Id.* at 118. The Fifth District remanded the matter for the trial court to utilize the proper standard: "It appears to us that the trial court concluded that because the window tint was legal, the traffic stop was illegal, requiring suppression of the drugs and statements. That is not the standard to be used by the court." *Id.* at 120. As in *Wimberly*, the court below appears to have erred in focusing on whether a traffic violation occurred rather than the correct standard: whether, viewed under an objective lens, the "totality of the facts known to the officer at the time would cause a reasonable person to believe that an offense has been committed." *Hebert*, 8 So. 3d at 395.

Having clarified the proper standard to apply for probable cause, we move on to discuss its application. A trial court's ruling on a motion to suppress is a mixed question of fact and law, and "[w]e defer to the trial court's findings of fact, if they are supported by competent, substantial evidence," but "review de novo mixed questions of law and fact and the trial court's legal conclusions." *Hickman*, 363 So. 3d at 219. The ruling on a motion to suppress comes to us clothed with a presumption of correctness, and we must interpret the evidence and reasonable inferences from it in a manner most favorable to sustaining the ruling. *Id.* That said, when the relevant facts are undisputed as they are here, we review de novo the trial court's ruling. *State v. Repple*, 49 Fla. L. Weekly D1296, D1296 n.3 (Fla. 6th DCA June 14, 2024) (citing *Everett v. State*, 893 So. 2d 1278, 1282–83 (Fla. 2004); *State v. Torres*, 350 So. 3d 421, 422 (Fla. 5th DCA 2022); *Bauman v. State*, 290 So. 3d 147, 148 (Fla. 2d DCA 2020); *State v. Furr*, 723 So. 2d 842, 844 (Fla. 1st DCA 1998)).

As we stated at the start, the facts here are simple. A patrol officer observed a vehicle in a turn-only lane cut in front of a line of traffic when the stoplight turned green. The defense argued and the trial court duly noted that the officer, from his vantage point, could not see whether Crume's maneuver caused his vehicle to come dangerously close to the lead vehicle or if, as the lower court stated, "anybody had to apply their brakes or take evasive action[.]"

Under usual circumstances, when a light turns green, the lead driver has a right to accelerate. The lead driver in a non-turning lane, as a matter of course, is not

anticipating a vehicle cutting in front from the adjacent turn-only lane. Had Crume performed the same maneuver and the lead driver next to Crume accelerated as he or she had the right to do, an accident would have been likely. A patrol officer with fourteen years' experience believed that such a maneuver by Crume more likely than not endangered the lead driver or others nearby. Reviewed de novo, we agree that these undisputed facts establish probable cause for careless driving.

The case of *Curtis v. State*, 748 So. 2d 370 (Fla. 4th DCA 2000), is instructive. In *Curtis*, an officer observed a defendant place in his mouth what the officer, based on his experience, reasonably believed were cocaine rocks. The officer ordered the defendant to spit them out, and the items were later confirmed to be cocaine. The defendant moved to suppress the cocaine rocks, arguing a lack of probable cause because of the officer's admission that it was "possible" the rocks could have been something other than cocaine. In upholding the trial court's denial of the motion to suppress, the Fourth District Court of Appeal held that "[a] finding of probable cause does not require absolute certitude." 748 So. 2d at 374.

In similar fashion, the officer in our case did not need to first reach a state of "absolute certitude" before forming a probable cause belief that careless driving had occurred. While there were numerous possibilities that could have presented a

complete defense to careless driving,[3] it was not the responsibility of the patrol officer to rule those out before making the stop. His observations were enough to create a reasonable belief that Crume's actions had endangered life or property. For these reasons, we reverse the suppression order and remand for further proceedings.

REVERSED and REMANDED for further proceedings.

STARGEL and GANNAM, JJ., concur.

Ashley Moody, Attorney General, Tallahassee, and Marissa V. Giles, Assistant Attorney General, Daytona Beach, for Appellant.

Roger L. Weeden, Orlando, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[3] In concluding that probable cause did exist under the present facts, we want to be clear what this opinion is *not* holding. This opinion is not espousing a position regarding sufficiency of the evidence for careless driving. Crume testified that the lead driver allowed him to change lanes, and, if true, then Crume's actions would not have endangered "life, limb or property" thereby not constituting careless driving. Not surprisingly, the arresting officer, after hearing Crume's explanation, did not issue the traffic citation for careless driving even though probable cause existed for the stop.