DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EVAN NEIL BROOKS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0669

[April 29, 2026]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Ashley Zuckerman, Judge; L.T. Case No. 502024CT001101AXXXSB.

Joel L. Mumford of Ted L. Hollander and Associates, P.A. d/b/a The Ticket Clinic, West Palm Beach, and Louis Charles Arslanian, Hollywood, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Joseph Mollica, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Evan Neil Brooks appeals a trial court order denying his dispositive motion to suppress evidence seized at a traffic stop for careless driving. The trial court ruled that the police had probable cause to stop Appellant, and Appellant pleaded guilty to one count of driving under the influence while reserving the right to appeal the denial of the motion to suppress. Appellant challenges the trial court's ruling that law enforcement possessed probable cause to initiate the stop. For the reasons set forth below, we affirm.

At approximately 2:00 a.m. on the morning in question, an officer was assigned to foot patrol in a densely populated entertainment district. The area was described as one of the busiest nightlife locations in the city, containing numerous bars, restaurants, and residential buildings. At closing time, the streets were heavily congested with pedestrians, many of whom were leaving bars and were, in the officer's testimony about his experience with this area, frequently intoxicated. The roadway itself was

narrow, consisting of a two-lane configuration with limited separation between vehicular traffic and pedestrian areas. No barricades, fences, or other protective barriers were between the sidewalk and the street.

While standing outside one of the bars, the officer heard the sound of a vehicle engine revving in a manner consistent with rapid acceleration. Shortly thereafter, the officer observed Appellant operating a vehicle at a speed that appeared greater than surrounding traffic. Although the officer did not utilize radar equipment and could not provide a precise measurement of Appellant's speed, he testified based on his training and eleven years of law enforcement experience that Appellant was traveling faster than other vehicles on the roadway.

When Appellant drove through the area, a substantial number of pedestrians were congregated along the sidewalks and moving through the vicinity. The officer estimated that well over one hundred individuals were present, many in close proximity to the roadway. Because individuals leaving the nearby establishments were frequently impaired and prone to unpredictable movement, this increased the risk associated with vehicular traffic in the area.

In addition to traveling at an elevated rate of speed, Appellant also executed a passing maneuver in which he moved into the opposite lane of travel to overtake another vehicle proceeding in the same direction. The roadway permitted two-way traffic, and although no markings explicitly prohibited passing, the maneuver required Appellant to enter what was, in effect, oncoming traffic. The officer testified that no other vehicles were observed engaging in similar conduct that evening.

After observing these actions, the officer entered his patrol vehicle and followed Appellant as he turned into a parking structure. The officer then initiated a traffic stop based on the belief that Appellant had operated his vehicle in a careless manner under the prevailing conditions. Upon making contact, the officer observed signs of impairment, including bloodshot and glassy eyes, slurred speech, and the odor of alcohol, which ultimately led to Appellant's arrest for driving under the influence.

Before trial, Appellant filed a motion to suppress, arguing the officer lacked probable cause or reasonable suspicion to justify the traffic stop. At the suppression hearing, the defense emphasized that the officer could not specify Appellant's exact speed, passing was not expressly prohibited on the roadway, and no pedestrians or vehicles were either struck or forced to take evasive action.

The State responded that the totality of the circumstances, including Appellant's speed, the nature of the passing maneuver, and the highly congested environment, provided a lawful basis for the stop under the careless driving statute. The trial court agreed with the State, expressly finding the officer credible and concluding that Appellant's manner of driving was not careful or prudent given the conditions and thus provided the officer probable cause to stop the vehicle.

The sole issue presented is whether competent, substantial evidence supports the trial court's determination that the officer had probable cause to stop Appellant for careless driving. In reviewing a ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if supported by competent, substantial evidence, while reviewing legal conclusions de novo. *State v. Coley*, 157 So. 3d 542, 543–44 (Fla. 4th DCA 2015). The ruling comes to the appellate court clothed with a presumption of correctness, and the evidence must be interpreted in a manner most favorable to sustaining the trial court's decision. *State v. Hickman*, 363 So. 3d 217, 219 (Fla. 6th DCA 2023) (citation omitted).

The stopping of a motor vehicle constitutes a seizure within the meaning of the Fourth Amendment and must be supported by probable cause that a traffic violation has occurred. *Hurd v. State*, 958 So. 2d 600, 602 (Fla. 4th DCA 2007) (first citing *Whren v. United States*, 517 U.S. 806, 810 (1996); and then citing *Petrel v. State*, 675 So. 2d 1049, 1050 (Fla. 4th DCA 1996)). The relevant inquiry is not whether a violation in fact occurred, but whether a reasonable officer could conclude that a violation had been committed based on the totality of the circumstances. *State v. Hebert*, 8 So. 3d 393, 395 (Fla. 4th DCA 2009) (citation omitted).

Section 316.1925(1), Florida Statutes (2023), defines careless driving as the failure to operate a vehicle in a careful and prudent manner having regard for traffic, road conditions, and all attendant circumstances so as not to endanger persons or property. This statutory framework is inherently fact-intensive and requires consideration of the surrounding environment rather than rigid adherence to specific traffic rules.

Appellant first contends that the officer lacked probable cause because he could not quantify the vehicle's speed. This argument is unpersuasive. Probable cause does not require certainty or precise measurement. *See Hebert*, 8 So. 3d at 395. As explained in *Hebert*, the officer need only possess a reasonable belief that a violation has occurred. 8 So. 3d at 395. Moreover, an officer may rely on visual observations and professional experience to conclude that a vehicle is traveling at an unsafe speed. *Young v. State*, 33 So. 3d 151, 153 (Fla. 4th DCA 2010) (citation omitted).

3

Here, the officer testified that Appellant was traveling faster than surrounding vehicles on a narrow and crowded street, which, when viewed in context, supports a reasonable belief that Appellant was driving too fast for the conditions.

Appellant next argues that his passing maneuver cannot support probable cause because it was not expressly prohibited by traffic markings. However, legality in the abstract does not resolve whether conduct is careless under the circumstances. In *Kenneth v. State*, 389 So. 3d 615, 618 (Fla. 3d DCA 2023), the court held that passing in the opposite lane may constitute careless driving even where technically permissible, if the surrounding conditions render the maneuver unsafe. In the present case, the officer observed Appellant enter oncoming traffic in a densely populated area with significant pedestrian activity. The absence of a formal prohibition does not negate the officer's reasonable conclusion that the maneuver was imprudent. *See Kenneth*, 389 So. 3d at 618; *see also State v. Crume*, 393 So. 3d 802, 804 (Fla. 6th DCA 2024) (holding a trial court erred in "focusing on whether a traffic violation occurred" when determining whether conduct is careless under the circumstances).

The totality of the circumstances further supports the trial court's ruling. Appellant was operating his vehicle in an area with a high concentration of pedestrians, many of whom were likely impaired. The roadway was narrow and lacked barriers separating vehicular and pedestrian traffic. Appellant accelerated in a manner that drew the officer's attention, traveled at a speed greater than surrounding vehicles, and entered the opposite lane of traffic to pass another car. These facts, taken together, provided a sufficient basis for a reasonable officer to conclude that Appellant failed to drive in a careful and prudent manner. *See Baden v. State*, 174 So. 3d 494, 496 (Fla. 4th DCA 2015) (finding probable cause where the defendant drove too close to pedestrians on sidewalk); *see also Crume*, 393 So. 3d at 805 (finding probable cause where the defendant sped and cut off oncoming traffic).

Appellant also asserts that his conduct did not actually endanger any person or property. This argument misapprehends section 316.1925(1). Actual harm or near collision is not required. In *Kenneth*, the court recognized that conduct may be deemed careless even in the absence of an accident or evasive action by others. 389 So. 3d at 618. Similarly, in *Baden*, probable cause existed where the defendant's driving created a risk to nearby pedestrians and vehicles. 174 So. 3d at 496. The officer's testimony in this matter established that Appellant's conduct posed a potential danger given the crowded conditions.

4

Finally, to the extent Appellant challenges the officer's reliance on the sound of the engine revving, that argument lacks merit because the officer's determination of probable cause was based on the totality of the circumstances, not solely on the sound of the engine. That makes the present case distinguishable from *Donaldson v. State,* 803 So. 2d 856, 859–60 (Fla. 4th DCA 2002), where we found no probable cause for a stop based solely on the sound of squealing tires in an otherwise empty environment.

In sum, the trial court's findings are supported by competent, substantial evidence, and its legal conclusions are consistent with established precedent. The officer's observations, viewed in their entirety, provided probable cause to believe that Appellant was operating his vehicle in a careless manner under the circumstances. Because competent, substantial evidence supports the trial court's determination that the officer had probable cause to conduct the traffic stop, the denial of the motion to suppress is affirmed.

*Affirmed.*

SHAW and LOTT, JJ., concur.

*                *                *

***Not final until disposition of timely-filed motion for rehearing.***